McBride, judge.
Plaintiff, as assignee of the building contractor, sues defendant for $835.42, the balance allegedly due on a building contract dated January 18, 1954, for $8,090.40, whereunder the contractor agreed to furnish certain labor, materials and equipment necessary to repair defendant’s building No. 1101 Royal Street which is located in the Vieux Carre and is more than 100 years old. Plaintiff recovered judgment and defendant appeals.
The building contract was predicated on certain drawings and specifications prepared by defendant’s architect, Harry Baker Smith, and the contractor completed the job on April 15, 1954. It was found that certain corrective work was necessary, which was done, and on August 9, 1954, the architect certified that the job had been satisfactorily completed in accordance with the contract.
Now, three years later, defendant claims that the work is defective and incomplete in certain details. His architect, deArmas, examined the structure and the plans and specifications during March 1957, and testified that certain defects existed, all of which we consider minor in scope when compared with the whole job.
We are convinced that the contractor substantially complied with its building contract, and defendant has not the legal right to withhold the balance due on the contract price. Defendant has made no showing by any sort of evidence the monetary amount of the defects in the contractor’s work, if any, or the amount of damages he has suffered by reason of the contractor’s failure to perform the contract in a manner consistent with the specifications.
Under the well-settled jurisprudence prevailing in this state, where there has been a substantial compliance with the contract, a contractor may recover the value of the work done by him if a price has been agreed upon even though the work be unfinished or defective, and the sole remedy of the owner is to make a reduction of the contract price by an amount sufficient to perfect or complete the work according to the contract which he claimed was breached. Spicuzza v. Ranzino, La.App., 73 So.2d 208; Brandin Slate Co. v. Bannister, La.App., 30 So.2d 877; Merrill v. Harang, La.App., 198 So. 386; Reimann Const. Co. v. Upton, La.App., 178 So. 528; Peterson v. Peralta, 3 La.App. 516.
There was some testimony regarding the condemnation of the building by the City of New Orleans and also about a criminal charge having been lodged against defendant for breach of the Building Code, but we do not think that we are concerned with these matters.
We find no error in the judgment appealed from and it is affirmed.
Affirmed.