BARNETTE, Judge.
This is an appeal by plaintiff from a judgment rejecting his demands and dismissing his suit for the balance of payment alleged to be due on a certain building repair contract.
Earl B. Cannon brought suit against Mrs. Violet Van Valin for recovery of the sum of $1,187 alleged to be the balance due for certain repairs to Mrs. Van Valin’s property under a contract between them. The defendant admitted the payment of $500 to plaintiff and denied further obligation. She alleged that the repairs contracted for were never completed by Cannon and that those made by him were not done in a workmanlike manner and that it was necessary for her to incur other expense to redo some of the work and to complete the repairs. By way of petition in reconvention she sought judgment against Cannon, defendant in reconvention, in the sum of $1,385.
The reasons for judgment by the trial judge are as follows:
“That the plaintiff and the defendant entered into a contract has been proved. That the plaintiff did some work and spent some money there is no doubt. But as to what work was done by whom, and as to what materials were used on the house belonging to the defendant, the plaintiff has fallen short of proving what this was by preponderance of the evendance, and has not shown preponderance of the evidence to justify a verdict, either under the contract or quantum meruit.
“Conversely, the defendant alleges and did prove that the work was not done in a workmanlike manner. However, she fell short of proving ,by a preponderance of evidence in her suit for reconventional demand what amount would be necessary to put this work in first class order.
“Therefore, it will be the judgment of this Court that there will be judgment for the defendant (Mrs. Violet Van Val-in) in the main suit dismissing plaintiff’s, Earl B. Cannon’s suit at his costs, and there will be judgment for the defendant in reconvention Earl B. Cannon and against plaintiff in reconvention Mrs. Violet Van Valin, dismissing the reconventional demand at her costs.”
Judgment was rendered, signed and filed accordingly. The plaintiff Cannon has appealed. Mrs. Van Valin, plaintiff in re-convention, has neither appealed nor answered the appeal, therefore the judgment dismissing her petition in reconvention is final and the only issue before us on this appeal is the right of recovery of the plaintiff Cannon.
The plaintiff was an employee of the Sanitation Department of the City of New Orleans during the years 1964 and 1965. His specific job was that of driver of a truck used in street cleaning and trash disposal. His daily hours of employment were from 6 a.m. to 1 p.m. (on occasions to 2 p.m.) Monday through Friday, and from 6 a.m. to 11 a.m. on Saturdays. He was allowed certain vacation time. He held himself out as a house repairman and tree trimmer, though he had no license as a contractor, and engaged in the pursuit of this type of work as his hours and days of employment by the City of New Orleans would permit.
On one occasion he had cut and removed some trees for the defendant and from this acquaintance Mrs. Van Valin contacted *753 him relative to doing certain repair work and painting of her property located at 8304 Forshay Street in the City of New Orleans. The agreement was reduced to writing June 22, 1964, in the form of a contract. While the contract, which was filed in evidence, is very poorly composed and inartistically drawn, it does clearly express the intent of the parties. It provides for painting the house “located at 8304 Forshay,” for nailing all loose boards, for puttying holes, and for replacing any missing boards (siding). It provides for lev-elling the house, for replacing missing window weights, providing also for furnishing and installing wire around the house, and for furnishing all materials and labor— all for the sum of $1,074. It then provides: “The inside job in kitchen, I only furnish labor, its no part of this contract.”
A supplemental agreement was also reduced to writing in similar form and dated July 16, 1964, and provides in pertinent part:
“ * * * I agree to finish work in kitchen and bathroom. All material and labor furnished. Tile floor in bathroom and kitchen. One new toilet in bathroom. Any other labor or materials, other than the above added to this contract, will be additional charge. We both agree to these terms.”
The agreed contract price for this additional work was $613. Mrs. Van Valin advanced $500.
Mrs. Van Valin was very inconsistent in the testimony given at trial and attempted to deny her signature to the two above contracts. There is not the slightest doubt that she did sign both agreements as the trial judge found.
There was testimony that Mrs. Van Val-in furnished certain Sheetrock, which plaintiff installed, though there is no mention of Sheetrock installation in either contract. The toilet mentioned was installed by someone else. The work to be “finished” in bathroom and kitchen was not clearly described, and no testimony was given relative to the kind of “tile” to be used in the kitchen or bathroom, i.e., whether ceramic or composition.
The doctrine of substantial performance is well established in our jurisprudence and has been applied in many cases under the authority of LSA-C.C. art. 2769. It is a question of fact and must be determined according to the evidence in each case. There is no precise formula by which courts can be determine the degree of performance which meets the test of “substantial.” Only general principles can be stated, as has been done in many cases, to determine when, in a specific case, the requirement has been met. The finding of this fact by the trial court will therefore be accorded the weight given generally to fact findings of the trial court. Where substantial performance is not proven there may, however, be a recovery for the work actually performed on quantum meruit. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); A. A. Home Improvement Company v. Irwin, 203 So.2d 888 (La.App. 4th Cir.1967); Jim Walter Corporation v. Laperouse, 196 So.2d 539 (La.App. 3d Cir.1967); Graham v. Lieber, 191 So.2d 204 (La.App. 2d Cir. 1966); Loeb v. Neilson, 128 So.2d 447 (La.App. 4th Cir. 1961).
There was unpleasantness and disagreement between plaintiff and defendant from the beginning, and by mutual tacit consent the work was discontinued before completion of the job. However, there is no doubt that plaintiff did do a considerable amount of work, including carpentry and painting, but the amount and cost thereof is so vague and uncertain that we must conclude, as did the trial judge, that he has not proven by a reasonable preponderance of the evidence that the contract was substantially performed.
Plaintiff attempted to prove by some 37 invoices or purchase tickets the purchase of various materials used on the job at 8304 Forshay Street. Many of these show *754 another address, 1013 Sixth Street, and many of them have the address “8304 For-shay St.” or “Forshay St. job” written on them in a handwriting clearly indicating that it was added at a later time. Plaintiff admits that his wife probably wrote in these addresses. Some of the invoices refer to purchase of tools and equipment in no event chargeable to the defendant. This is illustrative of the vagueness and inconclusiveness of plaintiffs evidence.
We need not discuss the evidence offered by the defendant in support of her re-conventional demand, since she has not appealed the dismissal of her petition in re-convention. However, that evidence is equally vague and inconclusive and affords no help in determining the extent to which plaintiff performed the contract.
As stated above the plaintiff did do a considerable amount of work, and we are not convinced that such as he did was not done in a workmanlike manner. For one thing he did paint the exterior of the house with one coat of paint, but there is no testimony of the amount of labor and material involved, nor a reasonable charge therefor. In short, the plaintiff has simply failed to establish by a preponderance of the evidence that the contract was substantially performed, or that the $500 paid was not adequate on a quantum meruit basis to pay for his labor and materials.
Plaintiff, who apparently is an uneducated man, did not keep books or records, and it is regrettable that his labor was expended in such a careless and slipshod manner that he was either unable to make proof or that he failed to present evidence which might have been available to him. No expert witnesses, such as contractors, builders, painters, or carpenters were called to establish the extent, quality, or value of the work performed.
The burden of proof' which plaintiff carried was not discharged, and we have no basis upon which we could hold that substantial justice has not been done by the judgment of the trial court.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.