BAILES, Judge.
This is a mandamus proceeding instituted by The Bagur Co. Inc., and Jacques A. Bagur against the Clerk of Court of St. Tammany Parish and Christy- Ann-Lea Corporation (Corporation) wherein the re-lators seek to obtain a court order directing fhe respondent Clerk to cancel a certain lien filed by the Corporation against certain property of the relators, or for respondent to show cause why the lien should not be cancelled.
The record shows that the relator and the Corporation entered into the following contract :
“October 19, 1966
Mr. Jacques Bagur 413 Royal Street Apt. 8 New Orleans, Louisiana
Re: “E” Tract
Dear Sir:
We will do the work called for in the attached drawings and specifications for the following amounts :
Clearing and Grubbing of roadways. 3,205.44
Excavation and Embankment of roadways. 3,205.44
Providing, Hauling, Spreading, and Compacting of sand-caly-gravel base material . 5,560.00
Providing, Hauling, Spreading and Grading of washed gravel surface course . 1,947.00
Providing, Delivery, and Installation of drainage structures .... 1,280.00
(Word illegible) 394.50
Total Amount of Contract $15,197.88
This amount to be paid one-half in cash at completion of each stage of work and one-half in lots at market value less 10 per cent to contractor for cash.
Respectfully submitted:
Emory Graves_ Emory Graves, President Christy-Ann-Lea, Inc.
_Jacques A. Bagur_ Accepted by: Jacques Bagur
Oct. 20, 1966 Date of Acceptance”
*423 The mortgage certificate filed in the record shows that a lien was filed against the relator affecting the property on which the work was performed by the respondent corporation. The contract, quoted supra, was not recorded in the mortgage records of St. Tammany Parish.
The ground asserted by the relator for the cancellation of the lien by this proceeding is that inasmuch as the contract was not placed of record in the mortgage records of St. Tammany Parish, as required by LSA-R.S. 9:4802, the inscription of a lien and privilege is neither authorized nor recognized by the law of this State.
The trial court held that the relator had the burden of proving that the respondent corporation was a general contractor, and as it had failed to do so, the relator was not entitled to have the lien cancelled.
We find the trial court was in error in holding that the respondent corporation was not a general contractor. Our assessment of the record and the contract between the parties leads us to the conclusion that respondent was a general contractor in the performance of the work undertaken. LSA-R.S. 9 :4802 requires that a general contractor, in order to preserve a lien and privilege created by the statute in favor of persons in such a category, reduce his contract to writing and record in the office of the clerk of court of the parish in which the work is to be performed.
Respondent-appellee argues that it is entitled to a lien under LSA-R.S. 9:4812. This argument is based on the assumption that respondent was merely the furnisher of labor and materials. In view of our finding of fact that respondent was a general contractor, LSA-R.S. 9:4812 is inapplicable. Further, respondent relies on the case of National Homestead Ass’n v. Graham (1933) 176 La. 1062, 147 So. 348 to support its position. The issue in the cited case was inapposite to that before us in the instant case. In the cited case, a concursus proceeding, certain materialmen had filed liens for materials sold and delivered to the owner, and certain labor liens had been filed against the property involved. The question before the court was whether the liens of the laborers and materialmen were timely filed. That is not the question before us in the instant case.
Inasmuch as the contract between the relator and the respondent was not filed in the office of the clerk of court of St. Tammany Parish, the affidavit which respondent filed in the mortgage records of St. Tammany Parish was ineffective for preservation of the statutory lien. See State ex rel. Henry v. Eight Mile Post Plumbing Supplies, Inc. et al. (1953), La. App., 63 So.2d 749.
We find relator is entitled to the relief prayed for, and that the writ of mandamus against the respondent Clerk of Court, Robert Fitzmorris, should be and it is hereby made absolute and that the said Clerk of Court is ordered to cancel and erase from the mortgage records of his office the inscription of the affidavit lien in favor of respondent, Christy-Ann-Lea Corporation. All costs of this suit, both in the trial court and on appeal, are to be paid by respondent, Christy-Ann-Lea Corporation.
Reversed and rendered.