**C. H. LEAVELL & COMPANY,**
Plaintiff,

v.

**BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS and Department of Highways, State of Louisiana, Defendants.**

Civ. A. No. 69-725.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 11, 1970.

See also D.C., 292 F.Supp. 727.

Gibbons Burke, New Orleans, La., for plaintiff.

Sumter D. Marks, Jr., New Orleans, La., for defendants.

## OPINION ON MOTION TO DISMISS ACTION AS PREMATURE

RUBIN, District Judge:

C. H. Leavell's contract with the Board of Commissioners (Dock Board) and the Louisiana Highway Department was to construct an exposition building ("The Rivergate") for $12,705,807. Leavell has sued for the amounts allegedly due it in excess of the original contract price, totalling $5,100,000, plus interest, attorneys' fees, and court costs. The Board contends the suit should be dismissed because Leavell has not finished this job, and no suit will lie until the entire contract is completed and accepted. The court has received memoranda and affidavits and has made an inspection of the building accompanied by representatives of both parties.

The Rivergate contains over 145,000 square feet of floor space on its first floor. It occupies a site on Canal Street in downtown New Orleans embracing over 600,000 square feet of ground: an area equal to six city squares. It was occupied by the Dock Board on December 18, 1968. Between September, 1968 and July, 1969 over 80 expositions, shows, and meetings were held in the building. The Board has already scheduled over 160 engagements, some of which are tentative, for the five year period from December, 1969 to December, 1974 and it is expected that over three million people will visit the building during that period in connection with these engagements. The owner is occupying the entire building including the exhibition area, the office spaces, the cafeteria, the cocktail lounge, and the underground garage (which accommodates up to 800 automobiles). More than 600,000 persons visited The Rivergate during its first year of operation, and it received over $250,000 in revenue.

The only alleged defects that remained uncorrected when the court visited the building were:

1. *Surface of the loading dock.* (The top surface was cracked and parts of it had broken off. This defect involved only the material applied to form the surface of the dock.)

2. *The F–1 lighting in the main exhibition area.* (The lamps being used were not of the intensity contemplated by the plans and specifications.)

3. *The floor of the main exhibition area.* (This was cracked in a number of places.)

4. *Air conditioning ducts and plenums.* (The air conditioning was in use but the insulation was being repaired or completed.)

All of the building was then in use notwithstanding these problems. There is a serious dispute about where the responsibility rests for each of them: the Board contends that each defect is a result of Leavell's improper performance of its contract while Leavell contends it

has done what the contract requires and that each problem complained of is a result of some fault attributable to the owner or its architects.

■■ It is apparent from these factual conclusions that the building is substantially complete. To require the contractor to do more, as a condition precedent to filing suit, would make the owner the final arbiter of completion, for if its view is correct, no contractor could sue on any building contract until all of the alleged defects and incomplete work complained of by the owner had been remedied. Judicial resolution of the dispute concerning responsibility would be premature until after the owner's complaints, however unjustified, had been satisfied. The words of the Louisiana Court of Appeals in Schroeter v. Newson, 2 Cir.1949, La.App., 41 So.2d 697, 698, dispose fully of this argument:

"To sustain this defense would be in effect to pronounce the amazing doctrine that a suit is premature so long as a defendant denies the correctness of a plaintiff's claim. Though, perhaps, this would have what might be regarded as some salutary effect by way of terminating all litigation, it would, indeed, be such a severe and final blow to our legal system and the orderly processes of law heretofore recognized that we cannot assume the responsibility for such a pronouncement."

In this diversity suit, the Louisiana rule that must be applied has been stated as follows:

"The principal question presented * * * is whether or not there has been substantial performance so as to permit recovery on the contract. This is a question of fact. Among the factors to be considered are the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the defendant of the work performed." Airco Refrigeration Service, Inc. v. Fink, 1961, 242 La. 73, 134 So.2d 880, 882.

The Board has submitted lengthy memoranda contending that Leavell has not "substantially completed" the work called for by the contract, and that, in any event, the substantial completion rule is not applicable because the contractor is "not suing for the contract price or other agreed upon amount," but is suing for a sum in excess of the original contract price.

The court has examined the lengthy list of Louisiana authorities dealing with the problem referred to in the various briefs filed after attention was directed to this general line of cases by the court. Fairly read, Louisiana jurisprudence supports the applicability of the substantial completion rule here. Among the cases examined were: Town & Country Contractors v. Henderson, 1956, 231 La. 131, 90 So.2d 863 (the court found that the contract had not been substantially completed and that much of the work would have to be redone); Ilgenfritz v. Radalec, Inc., 1954, 226 La. 59, 74 So.2d 903 (the court found that the heating system that had been installed was "completely defective" and therefore useless to the owner and concluded there was no substantial performance); Wilson v. Peak, 1946, 210 La. 969, 28 So.2d 677 (the court found that the contract had not been substantially performed); Dugue v. Levy, 1904, 114 La. 21, 37 So. 995 (applying the substantial performance rule where the defects were "slight, technical, unimportant or inadvertent"); Wickliffe v. Cooper & Sperier, 1929, 167 La. 689, 120 So. 52 (the court found that the owner's claim of defective performance by the contractor was not proved); National Water-Purifying Co. v. New Orleans Waterworks Co., 1896, 48 La.Ann. 773, 19 So. 865 (the court found that the contract had not been substantially complied with and that the filtering plant was incapable of accomplishing the purposes specified in the contract); Jones v. Tusa, La.App.1958, 100 So.2d 799 (the court found that the defects complained of were minor in scope when compared with the job as a

whole and concluded there had been substantial performance by the contractor); Montague v. Milan, La.App.1953, 67 So. 2d 351 (denied contractor's recovery of the contract price because the work was not in accordance with the contract and could not be remedied, but permitted contractor nonetheless to recover for the value of what had been done because the owner used what the plaintiff had erected and failed to demand its removal; the court allowed the owner an offset for the cost of repairing the defects); Lillis v. Anderson, La.App.1945, 21 So. 2d 389 (substantial performance doctrine stated and applied); Merrill v. Harang, 1 Cir.1940, La.App., 198 So. 386 (applied the substantial compliance rule where the contractor's deviations were "minor and unimportant"); Maloney v. Oak Builders, Inc., 4 Cir.1969, La.App., 224 So.2d 161 (substantial compliance rule discussed and applied); Cannon v. Van Valin, 4 Cir.1968, La.App., 211 So. 2d 751 (substantial performance rule applied; contractor failed to prove substantial performance but was allowed quantum meruit recovery for labor and materials furnished); A.A. Home Improvement Company v. Irwin, 4 Cir. 1967, La.App., 203 So.2d 888 (the court held that when there is substantial performance of the contract the owner's remedy "is to allege and prove the nature and extent of the unfinished or defective work, so as to reduce the amount of the plaintiff's judgment by the amount of the cost required to correct the defective work." 203 So.2d at 890); Jim Walter Corp. v. Laperouse, 3 Cir.1967, La.App., 196 So.2d 539 (substantial performance rule discussed and applied). See also, Comment, 1947, 7 La.L.Rev. 564 ("Building Contracts in Louisiana").

In Jerrie Ice Co. v. Col-Flake Corp., E.D.La.1959, 174 F.Supp. 21, this court, in an opinion by Judge J. Skelley Wright, applied the substantial completion rule. The Dock Board's suggestion that the decision is not supported by the Louisiana cases is clearly without merit. Judge Wright, in my opinion, properly read and applied Louisiana law.

Nor is it correct that the substantial performance rule is limited to situations that involve only "slight deviations, or technical, unimportant or inadvertent omissions or defects." Certainly it is applied in those cases. But its scope is not so limited even in dicta.

It is unnecessary to deal at length with the suggestion that a different rule is applicable because, as the owner contends, this is not literally a suit merely for the balance due on the contract price or for an agreed amount for extras. Only dicta has been quoted in support of this suggestion and this has, in most cases, been taken from context. Not a single case has been cited applying the rule suggested by the Board: the plaintiff cannot recover "unless he can allege and prove complete discharge of the obligations resting upon him." Indeed, even were this rule found to be applicable to the eventual right of the contractor to recover, its application would not justify dismissal of this suit as premature before the contractor has had its chance to attempt to prove that it has completely performed its contract.

■ The Louisiana cases already referred to apply the rule that what is substantial performance of a building contract is a question of fact. Airco Refrigeration Service, Inc. v. Fink, 1961, 242 La. 73, 134 So.2d 880, 882; Cannon v. Van Valin, 4 Cir.1968, La.App., 211 So.2d 751, 753. The primary factor to be considered in determining whether a contractor has substantially performed a contract to construct a building is whether the structure can be put to the use for which it was originally intended. Jerrie Ice Co. v. Col-Flake Corp., E.D. La.1959, 174 F.Supp. 21.

■ The court should also consider the extent of the alleged defect or nonperformance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed. Airco Refrigeration Service, Inc. v. Fink, 1961, 242 La. 73, 134 So.2d 880. By these criteria, as well as by the oth-

ers suggested in the Louisiana cases, The Rivergate is substantially complete and the motion to dismiss for prematurity is

Denied.