344 So.2d 102 (1977)
Cryel DICKSON d/b/a Dickson Supply Company, Plaintiff-Appellant,
v.
Frank Scott MORAN et al., Defendants-Appellants.
No. 13179.
Court of Appeal of Louisiana, Second Circuit.
March 21, 1977.
*103 Bethard & Davis by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Richie & Kernaghan by Edward O. Kernaghan, Shreveport, for defendants-appellants.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff seeks to recover sums expended by him for labor and materials in the partial performance of a verbal building contract, by the terms of which he agreed to build a home for defendant Frank Scott Moran, hereafter referred to as owner. He also sought loss of profits which he would have earned had he been allowed to complete the contract, and demands recognition of a laborer's and materialman's lien which he filed affecting the land on which the construction was performed, standing of record in the name of Joe E. Moran, the father of the owner. The owner reconvened for damages consisting of the cost of demolishing the portion of the structure constructed by the plaintiff, along with sums previously paid to plaintiff under the contract, and loss of income. Both the owner and his father demanded cancellation of the lien and asked for damages caused by its wrongful recordation. The trial judge ordered the lien cancelled, and rejected all other demands. All parties have appealed. We affirm.
Under the terms of the verbal contract, the plaintiff was obligated to construct the owner's home according to plans and specifications prepared by an architect for a total price of $66,400. He commenced the work on November 12, 1974. The owner paid plaintiff approximately $14,000 under the terms of the contract on January 2. On January 20 he stopped plaintiff from performing *104 further work under the contract because of numerous defects in the portion of the house completed and plaintiff's failure to follow the plans and specifications. The owner had another contractor complete the construction of his home and correct many of the defects which existed in the portion of the structure previously completed by plaintiff.
The principal issues on this appeal are:
I. Did the plaintiff establish he was entitled to any additional sums from the owner for his work on the house after having failed to follow the plans and specifications, and leaving defects in the unfinished structure?
II. Did the owner establish he was entitled to recover the costs of demolishing the structure from the contractor along with recovery of amounts previously paid under the contract?
III. Is a contractor liable for general damages when he wrongfully files a laborer's and materialman's lien in good faith and without malice?
I. Claim of contractor
It is implied in every building contract that the work of the builder will be performed in a good and workmanlike manner, and free from defects in either material or workmanship. Nichols Ford Company, Inc. v. Hughes, 292 So.2d 345 (La.App., 2d Cir. 1974).
The contractor's liability for noncompliance with the construction contract is governed by Civil Code Art. 2769:
"If the undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
The jurisprudence has construed this article to mean when a contractor has "substantially performed" the building contract, he is entitled to recover the contract price even though some defects are present, and the owner of the house is relegated to having the price reduced by an amount sufficient to perfect or complete the work. Neel v. O'Quinn, 313 So.2d 286 (La.App., 3d Cir. 1975); Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).
However, if the building contract has not been substantially performed, the contractor's recovery is limited to quantum meruit, Airco Refrigeration Service, Inc. v. Fink, supra, and if the defects are such that they cannot be corrected except by removing and replacing the construction, the owner may even require the contractor to remove the object from the land and restore the premises to their prior condition, and may also be entitled to damages. Neel v. O'Quinn, supra.
Thus the initial determination to be made in a dispute between the contractor and the owner, such as presented in this litigation, is whether the contract was substantially performed. Plaintiff urges his substantial compliance with the building contract until January 20, 1975 should be considered as a "substantial performance" of the contract. We agree with the trial court that this argument has no merit. "Substantial performance" requires the structure be usable for the purpose which it was intended. Keating v. Miller, 292 So.2d 759 (La.App., 4th Cir. 1974); Cannon v. Van Valin, 211 So.2d 751 (La.App., 4th Cir. 1968). The evidence shows the house was only 25-40% complete when plaintiff and his employees stopped work on January 20. At that time it was not usable for the purpose for which it was intended and therefore failed to meet the criteria for "substantial performance".
The trial court found plaintiff breached his contract with the owner because of the numerous defects in the completed portion of the house, and by his substantial deviations from the plans and specifications for the house. The evidence clearly supports this finding. Since there was a breach of contract, the owner had "cause" to terminate plaintiff, and therefore plaintiff cannot recover any loss of profit but is entitled only to recover under *105 quantum meruit. Thibodeaux v. Kern, 143 So.2d 422 (La.App., 3d Cir. 1962).
Plaintiff attempted to show the amount of material and labor that had been expended on the house by introducing various invoices, checks, and check stubs. Although he testified all expenses reflected by these documents were for material and labor used on the owner's house, most of these contained no notation or other indication they were connected to this house, and several were clearly for items not used in the construction of the house. The trial judge found this evidence did not establish plaintiff had incurred expenses on the owner's house in excess of the amount he had previously been paid. See Cannon v. Van Valin, supra. The trial judge further held plaintiff did not show the value of the structure, as it existed on January 20, 1975, was more than the amount he had previously been paid. We agree with these findings of the trial court. Plaintiff has therefore not met his burden of proof to recover under quantum meruit.
II. Claim of owner
The owner's demand for the costs of demolition and removal of the partially completed structure is without merit for the reason he has not proven the structure to be so defective it should have been demolished. The fact that the owner had most of the defects repaired and then completed the structure supports this finding.
The evidence shows the owner had a building that was some 25-40% complete on January 20 when he terminated the contract with plaintiff. Plaintiff established there existed some indeterminate amount of additional material on the property, and these materials were used in further construction on the house. The owner's claim for reimbursement of approximately one-fourth of the contract price paid by him prior to the termination of the contract was not proven. The owner failed to establish the cost of modifying the structure to comply with the agreed plans and specifications or that the structure existing on January 20, along with the materials left on the premises, were worth less than the amount he previously paid. Henson v. Gonzalez, 326 So.2d 396 (La.App., 1st Cir. 1976).
The trial judge also correctly denied the owner's request for lost income, general damages and attorney's fees. Attorney's fees are not recoverable except where authorized by contract or statute, Stanfield v. Stanfield, 342 So.2d 1195 (La.App., 2d Cir. 1977), neither of which circumstances existed here, and the owner's alleged general damages and loss of income were not established by the evidence.
III. Claim based on wrongfully recorded lien
The owner and his father complain the laborer's and materialman's lien on their property was wrongfully recorded by plaintiff, as he had no rights to such a lien. They ask for cancellation of the lien, attorney's fees and general damages occasioned by this action of plaintiff's.
Plaintiff admits he was a general contractor, and was operating without a written contract. Under these circumstances, plaintiff was not entitled to a lien. LSA-R.S. 9:4801, 4802. State ex rel. Bagur Company v. Christy-Ann-Lea Corporation, 223 So.2d 421 (La.App., 1st Cir. 1969); Gauguin, Inc. v. Addison, 288 So.2d 893 (La. App., 1st Cir. 1973).
The jurisprudence is clear that damages are not allowed unless the wrongful lien recordation is made in bad faith or with malice. Patterson v. Lumberman's Supply Company, Inc., 167 So. 471 (La.App., 2d Cir. 1936); Loeb v. Johnson, 142 So.2d 518 (La.App., 1st Cir. 1962); Stallings v. W. H. Kennedy & Son, Inc., 321 So.2d 411 (La.App., 2d Cir. 1975). Not only did the owner fail to introduce any evidence of bad faith or malice, but plaintiff testified he recorded the lien in good faith and upon advice of counsel. The trial judge was correct in ordering the inscription of the lien cancelled and erased, and in denying defendants' request for damages for the recordation of the lien.
*106 For the foregoing reasons, the judgment of the trial court is affirmed, costs of this appeal to be paid one-half by plaintiff and one-half by defendants.
Affirmed.