498 So.2d 132 (1986)
Fird GROVER, d/b/a Grover Truck and Dozer Service
v.
Michael A. CARTER and Mike Carter Construction Company.
No. 86-CA-273.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
Writ Denied January 23, 1987.
*133 John L. Dorsey, New Orleans, for plaintiff-appellant.
Berke & Ingolia, A Professional Law Corp., Kenneth J. Berke, New Orleans, for defendants-appellees.
Before CHEHARDY, C.J., and KLIEBERT and NACCARI, JJ.
CHEHARDY, Chief Judge.
This is a suit to enforce an oral contract for labor and materials supplied by plaintiff subcontractor to a construction site. The defendant contractor reconvened for damages for breach of contract. The trial judge granted judgment to plaintiff for a portion of his demand, but ruled that most of this amount was offset by damages owed to the defendant. Both plaintiff and defendant have appealed.
Michael A. Carter was general contractor to build a service station on an empty lot on Manhattan Boulevard in Harvey, Louisiana. Fird Grover owns a dump truck and bulldozer service. Carter and Grover entered into an oral contract under which Grover was to clear vegetation and debris off the lot, haul away the material, deliver sand to fill the lot and provide a bulldozer and laborer to spread the sand. Grover cleared the lot and leveled it, then began delivering sand. He had mechanical problems with some of his trucks, however, and as a result he took three weeks to complete delivering and spreading the sand.
Carter made partial payment of Grover's charges during the job. Afterwards Grover demanded payment of the balance and Carter refused on the ground Grover had breached their agreement. Pursuant to LSA-R.S. 9:4831, Grover filed a Statement of Claim (subcontractor's lien) against the property, which was owned by a third party, alleging Carter owed him $2,692. He later filed this suit on open account against Carter.
Carter filed an answer and reconventional demand in which he asserted that Grover had promised to complete the job within five days, that Grover had breached the contract by his delay in delivering the sand, and that the resultant delay in construction required Carter to hire another subcontractor to complete the work and to incur other additional expenses. Carter also averred that Grover's lien against the property was improperly filed, demanding that Grover *134 cancel the lien and seeking damages. Finally he contended that Mike Carter Construction Company was not a corporation at the time of the incidents made the basis of this suit and therefore could not be held in judgment.
The trial judge concluded Grover had proven the following charges:

Sand, 119 loads of sand at $40
 per load $4,760
Bulldozer rental, 34 hours at $30
 per hour 1,020
Trash hauling, 12 loads at $100
 per load 1,200
 ______
 Total authorized charges by
 Grover $6,980

He gave Carter credit for a payment of $5,000. The judge concluded further that Carter was entitled to the following damages under his reconventional demand:

General damages for
 unreasonable delay in
 performance $1,000
Failure to cancel lien 250
Attorney's fees 250
 ______
 Total damages due Carter $1,500

Setting off the amount Carter owes Grover against the amount Grover owes Carter, the trial judge decreed the total amount due Grover by Carter was $480. Both parties have appealed.
Grover maintains the trial judge erred in awarding damages to Carter for breach of contract because Carter failed to put Grover in default as required by the Civil Code. He asserts further that the judge erred in awarding attorney's fees and damages for the failure to cancel the lien because the lien was filed in good faith.
Grover contends that Carter failed to put him in default as required by former LSA-C.C. art. 1933 (in effect at the time relevant hereto). Under Article 1933, damages for a passive breach of contract are due only from the time the debtor has been put in default. A putting in default is not necessary, however, for breaches of contracts stipulating that they must be executed within a specific time, where time is of the essence, or where a specified time for performing the obligation expires without performance. Sollay v. Sollay Foundation & Drilling, Inc., 389 So.2d 834 (La. App. 3 Cir.1980).
Here, the trial judge found that the parties had agreed that Grover's work would be completed in three to five days, yet it took Grover three weeks to finish filling the lot. This is a credibility finding by the trial judge, which is supported by the record and in which we find no manifest error. Accordingly, Carter was not required to put Grover in default to recover damages.
Nor do we find error in the award of damages and attorney's fees for the improperly filed lien. Damages based on claims of wrongfully recording liens are not allowed unless the wrongful lien recordation is made in bad faith or with malice. Dickson v. Moran, 344 So.2d 102 (La. App. 2 Cir.1977). Grover himself admitted that he included in the Statement of Claim a charge of $40 for a load of sand delivered to a different job site. He knew at the time he filed the lien that charge was not assessable against the Manhattan Boulevard property, but included it in the claim nonetheless. That portion of the claim, therefore, certainly was filed in bad faith. Accordingly, Grover should have reduced the amount of the lien upon receiving Carter's request to cancel it. His refusal to take any action makes him liable for damages for the improper recordation of the claim.
Carter contends the trial judge erred in finding that more than 94 loads of sand were delivered and more than eight loads of trash hauled, that the general damages for the breach of contract and the damages for improper filing of the lien were too low, that the judge should have ordered the lien cancelled and that the claim should have been dismissed as against Mike Carter Construction Company.
First, as to the damages awarded for the improper filing of the lien, only $40 *135 of the $2,692 was clearly claimed in bad faith. See Dickson v. Moran, supra. Accordingly, we find no abuse of discretion in the $250 award for this item.
Regarding the $1,000 general damages awarded for breach of contract, Carter claims this is too low because Grover's delay required him to keep men on the job two weeks longer than he otherwise would have done, costing him $2,280 in additional wages. In addition, he had to buy sand from another subcontractor, which cost $296.
We find no abuse of discretion in the trial judge's award of $1,000 rather than the requested amounts. Although Grover's delay in delivering the sand plainly extended the duration of the job, Carter failed to prove by a preponderance of the evidence that his employees were on the job solely to accept sand deliveries from Grover.
Anthony Christiana Jr., who worked as a supervisor and carpenter for Carter, testified that he was only on the Manhattan Boulevard site "when Mr. Sahuque called me and needed me." Louis Sahuque, a supervisor for Carter, testified that Grover's delay extended the job by two weeks because they were not able to begin putting in the electrical and gas lines until after three weeks, but he still had to stay on the job to watch the way they were filling with the sand. He stated that Grover's trucks delivered at least a few loads every day.
Construction schedules, however, are notoriously imprecise, subject to delays due to weather and other conditions as well as to human error. Carter offered no evidence regarding what took place on the job after Grover's part was finished. No doubt the trial judge considered these factors and concluded Carter had failed to prove he would definitely have completed the job two weeks sooner if Grover had filled the lot in five days. His award of $1,000 was a compromise, perhaps, but we find no abuse of discretion in that amount.
Carter contests the court's finding that 12 loads of trash were hauled, arguing that he and Grover agreed he would not be charged for more than 10 loads. Grover did not recall such a stipulation and the trial judge obviously concluded it was not a part of their contract. We find no manifest error in that conclusion.
Carter also argues Grover proved only 94 loads of sand were delivered, although Grover presented delivery receipts for an additional 25 loads. Carter disputes the receipts, which are signed "Tony Christiana," claiming that Christiana did not sign them. Christiana testified it was not his signature and in fact it bears little resemblance to the signature on his driver's license. However, all the "Tony Christiana" signatures on these receipts are similar to each other. Further, Carter failed to prove that the sand had not been delivered. Accordingly, we conclude the trial judge correctly included the additional 25 loads in the amount awarded.
Carter also argues the court should have recognized two additional payments of $640 and $765, made on June 2 and June 4, 1984, respectively. The trial judge, however, found that these payments were for work done in May, 1984, based on the invoices and the testimony. We find no manifest error in this conclusion.
Finally, as to the argument that the court erred in rendering judgment against Mike Carter Construction Company, Carter testified that he is the president of the corporation and that the company was not incorporated until December 1984 or January 1985. (The events made the basis of this suit took place in May and June, 1984.) He failed to document his testimony by submitting a copy of the certificate of incorporation. We cannot say the trial judge erred in concluding he did not carry the burden of proof on this defense.
For the foregoing reasons, therefore, the judgment of the district court is affirmed. Each party is to pay his own costs.
AFFIRMED.