No. ——

First Circuit

BROWN CARRIAGE CO., INC. v. ARMAND COREIL

(January 5, 1928. Opinion and Decree)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Mandate—Par. 73, 74, 78.**

An agent has no right to modify a contract changing the delivery date from "August first" to "August first or as soon thereafter as possible".

2. **Louisiana Digest — Sales — Par. 58; Action—Par. 10.**

When an obligation is to be performed within a specified time, and the time expires without the performance, default is not necessary.

3. **Louisiana Digest—Sales—Par. 58.**

In a contract for the sale and delivery of goods at a future date, time is the essence of the contract and, therefore, purchaser will not be bound to accept or pay for goods delivered thereafter.

Appeal from the District Court, Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Brown Carriage Company, Inc., against Armand Coreil.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Sandoz & Sandoz, of Opelousas, attorneys for plaintiff, appellant.

J. Hugo Dore, of Ville Platte, attorney for defendant, appellee.

ELLIOTT, J. Brown Carriage Company, Inc., claims of Armand Coreil the sum of $750.00, on account of an alleged breach of contract. Plaintiff alleges that it shipped to the defendant on September

14th, 1926, a carload of buggies pursuant to an order given it through its representative, by defendant, on February 26th, 1926. That said shipment was to be made "On or about August 1st, or as soon thereafter as possible," subject to cancellation up to July 1st, 1926. That as soon as the time within which the order could be cancelled passed, it proceeded to fill the order as fast as possible, but due to difficulty and delays that could not be sooner overcome, it was not able to ship until September 14th, 1926. That said Coreil then refused to accept the shipment, claiming it came too late, and that he had bought buggies elsewhere.

Plaintiff alleges that the order was timely filled; that due to defendant's refusal to receive the buggies, it was forced to sell them to the best advantage, suffering a loss of $750.00, which it prays that the defendant be compelled to pay and make good.

In response to a subpoena duces tecum, the plaintiff produced the order on which it bases its demand, and the same was filed in the record.

Defendant denies being indebted unto the plaintiff; he denies that he gave plaintiff the order produced in court, and alleges in his answer that he did not authorize nor direct anybody to sign such an order in his behalf. He alleges that plaintiff's agent solicited an order from him, but that he refused to give him one, stating that he was not in the market at that time. That plaintiff's agent then proposed that plaintiff would probably take his order upon the same terms and conditions as prior orders, whenever defendant would be ready to order; upon which, he informed plaintiff's agent that if plaintiff would furnish him with an order blank that he would probably, later, enter the market and order from plaintiff, but under the conditions that the buggies be shipped not later than August 1st, 1926.

That plaintiff's agent then advised him that he would have plaintiff send him a proper contract to be entered into, and wrote and left a memorandum addressed to plaintiff to be attached to an order when filled out. That after waiting and not having received from plaintiff a contract to be signed, he wrote plaintiff on July 9th, 1926, requesting information as to the proposed order. That not receiving an answer nor confirmation of the receipt of his letter, he sought another market. That receiving the invoice of plaintiff's shipment some two months after his inquiry, and some forty-five days after the proposed time of delivery had expired, and not needing the buggies, he declined to accept the shipment. That his offer to purchase was only tentative and was to be put in writing signed by him and accepted by plaintiff in duplicate, and the date of delivery was to be not later than August 1st, 1926. That the plaintiff and its agent having failed to furnish defendant with the necessary blanks, no order was given.

But in the alternative, and in the event the court found that there was a complete contract, defendant further alleged that the buggies were not to be shipped later than August 1st, 1926; that time was of the essence of the contract. That the buggies having been shipped without the consent of the defendant, and some forty-five days after the specified time had expired, the shipment was too late.

The evidence shows that on February 27th, 1926, plaintiff's agent called on defendant in his private office at his place of business at Ville Platte, and solicited an order for buggies, and we think he gave the agent a complete order, because he himself produced and placed in the record the duplicate of a complete order in the handwriting of plaintiff's agent,

dated Ville Platte, Louisiana, February 27th, 1926, addressed to plaintiff, requesting it to ship to defendant at Ville Platte, duplicate of last car in price, terms and specifications, except no nickel hubs; ship August 1st, subject to cancellation to July 1st, signed W. H. Kirk, representative.

Defendant testifies that plaintiff's agent wrote and left this order with him, and its agent, Mr. Kirk, admits that he did so. The defendant accepted this as an order. His acceptance of it as an order is shown by the copy of the letter which he also produced and filed in evidence, signed by him, addressed to the plaintiff, dated July 9th, 1926, and which reads as follows:
"Dear Sir:
"Have not heard from you in regard to my buggies to be shipped, August 1st, not later. Please advise."

This letter not only shows acceptance of the order of February 27th, 1926, written and signed by W. H. Kirk and left with defendant, but after the buggies had been shipped, and defendant had received the invoice, he sent plaintiff a telegram bearing date, September 17th, 1926, in which he says, in line with the letter, that the shipment was to have been made on August 1st, and urges no other reason for not accepting the same.

This letter of July 9th, 1926, followed by said telegram of September 17th, 1926, shows an agreement on defendant's part to buy a carload of buggies from the plaintiff, the duplicate of last car in price, terms and specifications, except as to nickel hubs. Shipment to be made August 1st, subject to cancellation up to July 1st.

The evidence shows that plaintiff in acting on these orders sustained a loss to the amount claimed, but we nevertheless find that the evidence does not fix liability on defendant, on account of the loss which plaintiff has sustained. The evidence shows that plaintiff required its agent to obtain and send in orders on forms furnished him for the purpose, and which were to be signed by the party ordering. Plaintiff's agent says, that not having a blank order with him at Ville Platte at the time defendant gave him the order, he wrote the order February 27th, 1926, on defendant's stationery and left a duplicate of it with defendant. That he then returned to Opelousas and there filled out and sent in the order which the plaintiff sued on and produced in court. This order purports to have been signed by defendant, but the evidence shows that defendant did not sign it. His name was affixed to it by plaintiff's agent.

The order which plaintiff's agent filled out and sent in from Opelousas, which purports to have been signed by defendant, per Kirk, and on which this suit was based, is substantially different from the one he wrote in defendant's office at Ville Platte and left with him. The order sent in to the plaintiff says in regard to the time of shipment: "Please ship A. Coreil on or about August 1st, or as soon thereafter as possible." The order which plaintiff's agent wrote on February 27th, 1926, and left with the defendant, and on which the evidence shows the defendant acted, says for plaintiff to ship on August 1st, and says nothing about anything being done later.

Plaintiff's officials in their testimony stress the fact that the order they received from their agent, and upon which they acted, says: "Ship on or about August 1st, or as soon thereafter as possible," and contends that it did so. That it was delayed until September 14th, but through no fault of the plaintiff.

It is not necessary for us to decide whether the shipment on September 14th,

1926, was timely or not. under the order sent in by plaintiff's agent, for the reason that the evidence does not show that defendant agreed to that order, but that the order which he agreed to directs that shipment be made on August 1st.

Defendant's letter and telegram and his testimony support that proposition. It is substantiated by the order written by plaintiff's agent, a duplicate of which was left with defendant, and there is nothing to the contrary. The statement in the order of February 27th, 1926, "Ship duplicate of last car in price, terms and specifications," does not refer to the time in which shipment was to be made. As to what plaintiff's agent did with the duplicate of February 27th, 1926, which he took with him, the evidence is not clear.

It is sufficient that the evidence does not show that the order to ship on August 1st, 1926, was ever changed by the consent of the defendant, therefore plaintiff can not hold the defendant to the order sent in by its agent, which says to ship on or about August 1st, or as soon thereafter as possible. Time was of the essence of the contract agreed to by the defendant. He was not called upon to place the plaintiff in default. He has a right to urge in defense that, under the law, the failure of plaintiff to ship on August 1st, 1926, released him from the obligation to accept the shipment. Shelby Mills, Inc., vs. Namie, Court of Appeal Report, Vol. 1, p. 116; Red Wing Milling Co. vs. Franciques, Court of Appeal Report, Vol. 1, p. 270.

For these reasons the judgment appealed from rejecting plaintiff's demand is correct, and must be affirmed.