387 So.2d 703 (1980)
Agnes Burker LETULLE, Plaintiff-Appellee,
v.
S & E OIL COMPANY, INC., Defendant-Appellant.
No. 7332.
Court of Appeal of Louisiana, Third Circuit.
August 11, 1980.
*704 Showers & Guidry, Randall L. Guidry, Lafayette, for defendant-appellant.
Cline, Miller, Richard & Miller, James M. Miller, Jr., Rayne, for plaintiff-appellee.
Before FORET, STOKER and LABORDE, JJ.
STOKER, Judge.
This suit involves a claim by an employee against her employer for wages owed to her that have not been paid.[1]
On May 2, 1979, the trial court granted a default judgment in favor of plaintiff, Agnes Burcker Letulle, and against defendant, S & E Oil Company, Inc. The trial court awarded plaintiff the sum of $1,176.93 in past due wages, together with legal interest from the date of judicial demand, plus penalties in the amount of $2,521.80, and attorney fees in the amount of $500.00 with legal interest from date of judicial demand. The judgment cast defendant for all costs of court. The defendant-employer appealed.
Agnes B. Letulle became an employee of S & E Oil Company in Lafayette, Louisiana, in February of 1978 as manager of a restaurant and kitchen at Skelly's Truck Stop, earning $392.31 every two weeks. She terminated her employment on November 28, 1978, because of a dispute with her boss, Emery Guidry, owner of S & E Oil Company, concerning certain of her paychecks.[2] *705 The evidence established that Agnes B. Letulle borrowed $1,600.00 from First National Bank of Lafayette and Emery Guidry, as an individual, co-signed the note for her. The loan was an unsecured loan for $1,600.00, made payable on demand. In due course the note was paid off completely by Agnes B. Letulle. Emery Guidry was not called on to pay any part of the note.
Agnes Letulle showed that the first problem she encountered was when she received two paychecks from S & E Oil Company, each in the amount of $325.36, with one being dated November 3, 1978, and the other being dated November 17, 1978. After taking the checks to the bank for deposit, Agnes B. Letulle noticed that they had not been signed by Mr. Guidry. When confronted with the unsigned checks, Guidry informed plaintiff he would not sign them unless she paid them to the bank. In addition to these two checks defendant did not pay plaintiff for her last week of work.
Defendant-appellant refused to unconditionally pay Agnes Letulle her three paychecks because Agnes Letulle refused to use the proceeds from the three paychecks to pay the note at First National Bank that had been co-signed by Emery Guidry individually.
Guidry later mailed three checks to the bank representing the amount owed to plaintiff, but they were made payable to plaintiff and the bank. Guidry gave instructions to plaintiff to go to the bank and endorse them and allow them to be applied to the loan. He gave similar instructions to the bank. Plaintiff refused to do this.
The only issue before the court is whether plaintiff-appellee should be awarded penalties and attorney fees against defendant-appellant.[3]
The dispute between Agnes Letulle and S & E Oil Company, Inc., over payment of the last three paychecks due her occurred during the month of November, 1978. The note at First National Bank of Lafayette, although payable on demand, was not due until February of 1979 according to plaintiff. She did pay the note in its entirety in February. Although Emery Guidry owns S & E Oil Company, and he had co-signed the note, S & E Oil Company, Inc., which was not a co-signer on the note, cannot use the non-payment of this note as an excuse for not paying Agnes Letulle what she was owed.
In order for a defendant-employer to be liable for penalty wages, the employer must have been motivated by bad faith or must be found to have acted in an arbitrary or unreasonable manner. It is only a "good-faith non-arbitrary defense to liability for unpaid wages, i. e., a reasonable basis for resisting liability" which will permit the courts to excuse the employer from the imposition of penalty wages. Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978); Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1st Cir., 1979) and Berteau v. Wiener Corporation, 362 So.2d 806 (La.App. 4th Cir., 1978), writ refused 365 So.2d 242 (La.1978). The court feels that in this case defendant's actions were both arbitrary and capricious. Although our jurisprudence is clear that an employer may present equitable defenses to the imposition of statutory penalties under LSA-R.S. 23:631 and 632, we agree with the trial judge that in this case there are no such defenses which would justify denial of attorney fees. An employer is not justified in attaching conditions to payment of wages admittedly due. See Duhon v. Prof. Erny's Music Company, Inc., 328 So.2d 788 (La. App. 3rd Cir., 1976).
In regard to the question of whether attorney fees should be awarded to plaintiff, we look to LSA-R.S. 23:632 and find that they should be awarded in "a well-founded suit for any unpaid wages whatsoever". The courts have held that a "well-founded *706 suit" is one in which back wages are awarded. Carriere v. Pee Wee's Equipment Company, supra; Soday v. Mall Snacks, Inc., supra; Berteau v. Wiener Corporation, supra and Hendrix v. Delta Air Lines, Inc., 234 So.2d 93 (La.App. 4th Cir., 1970), writ refused 256 La. 364, 236 So.2d 498 (1970). Accordingly, plaintiff-appellee argues that it is settled in this case that the past due wages were owed to Agnes Letulle. The wages have never been paid. Attorney fees as set by the trial court are appropriate.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Plaintiff's action was brought under the provisions of LSA-R.S. 23:631 and 632 which provide as follows:

631. Discharge or resignation of employees; payment within three days after termination of employment
"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service."
* * * * * *
632. Liability of employer for failure to pay; attorneys' fees
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."
[2] The petition in this case was never answered and judgment was taken by default. Plaintiff testified at the confirmation of the default that it was her impression that Emery Guidry was the sole owner of the defendant employer. In the brief filed on behalf of the defendant corporation it is admitted that during the time of plaintiff's employment Emery Guidry was the sole owner, president and manager of the defendant corporation.
[3] Defendant-appellant concedes in its brief that the plaintiff is entitled to her salary. The brief contains the following statement.

"The defendant admits that now that the note to First National Bank has been paid it owes the plaintiff for her salary. Defendant also contends, however, that the evidence the trial court (sic) did not support a finding of bad faith on its part; therefore, it should not be liable for penalties and attorneys fees."