DUFRESNE, Judge.
Eva Irene Workman Milligan, plaintiff appeals from a judgment of the district court reducing alimony after divorce and increasing child support from her husband, Alfred J. Milligan, defendant. The facts of this case are not disputed. Stated briefly they are:
Plaintiff and defendant were married in 1967 in Jefferson Parish, having each been previously married. The plaintiff has a minor daughter from her previous marriage. From their union, the litigants have one minor son for whom an increase in support is sought in this appeal by the plaintiff.
The plaintiff and defendant were divorced in 1978, and in the divorce judgment, alimony after divorce was set at $200.00 per month with corresponding child support set at the rate of $250.00 per month.
In September 1981, the defendant-husband filed a “Motion to Amend the Judgment”. The husband alleged a change in the circumstances of the parties and sought to terminate or modify the alimony after divorce and reduce child support for their minor child.
Soon thereafter, on October 13, 1981, the plaintiff-wife filed a rule for an increase in both, alimony after divorce and child support, alleging a substantial change in the financial ability of the defendant-husband to pay and the needs of the plaintiff-wife and their minor child.
This case was tried on November 13, 1981, resulting in a judgment of the district court signed on November 17, 1981, whereby the alimony after divorce was reduced from $200.00 per month to the sum of $50.00 per month; and the child support was increased from $200.00 per month to a rate of $300.00 per month. From this judgment the plaintiff has appealed.
On appeal the plaintiff has raised the following issues:
(1) Whether there was sufficient legal evidence of a substantial change in the circumstances of plaintiff which would justify a reduction of alimony after divorce.
(2) Whether an increase in child support from $200.00 to $300.00 per month was proper in view of the evidence adduced at trial.
ISSUE (1)
The amended version of LSA-C.C. Art. 160 requires the trial judge to consider income, means, and assets of the spouse and other circumstances, but the amount of the award is left to the ultimate discretion of the trial judge. Article 160 of the Louisiana Civil Code provides the following:
Art. 160. Alimony after divorce
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the time necessary for the recipient to acquire appropriate education, training or employment; the health and *797 age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
Article 160 vests the trial court with discretion in considering the above principles and in deciding if a spouse is entitled to post divorce alimony, Ducote v. Ducote 389 So.2d 835 (La.1976). The trial court has wide discretion in matters concerning alimony and his conclusion on such matters should not be disturbed except for manifest error. Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir.1979).
An award of alimony after divorce previously fixed and determined is not subject to reduction unless a change of circumstances in the person obligated to pay or the person to whom the payments are made can be demonstrated from the time of the award to the time of the trial of the alimony rule. Zara v. Zara, 204 So.2d 76 (La. App. 4th Cir.1967); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir.1978).
After careful review of the record, we conclude that the defendant-husband has met his burden of establishing a change in circumstances in that both parties’ income and expenditures were substantially different which would necessitate a reduction in alimony. The plaintiff now has a job as an apartment manager which provides her a net monthly income of $630.00 and additionally an apartment rent free. In June, 1979, the date when the original judgment was rendered setting alimony at $200.00 per month, she did not have this job.
Accordingly, the reduction of the monthly alimony award from $200.00 to $50.00 by the trial court is affirmed.
ISSUE (2)
Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances permit. Ducote v. Ducote, supra. In Fellows v. Fellows, 267 So.2d 572, (La.App. 3rd Cir.1972), the court stated that the application of these basic rules recognizes children are thus entitled by birth right to a life during their minority consistent with the father’s (and mother’s) station in life.
From the record, it is evident that the defendant fell below an average provider. Therefore, the trial court awarded child support in the amount of $300.00. The support of the child is both parents’ obligation. In determining the amount needed to satisfy this obligation, the court must view the ability of the person to pay.
Looking at both parents’ ability to pay and the totality of the circumstances, this court holds that the trial court did not err in providing $300.00 per month in child support.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.