364 So.2d 583 (1978)
PAUL M. DAVISON PETROLEUM PRODUCTS
v.
L. T. BROWN CONTRACTOR, INC., et al.
No. 62178.
Supreme Court of Louisiana.
November 13, 1978.
Kenneth Rigby, Love, Rigby, Dehan, Love & McDaniel, Shreveport, for plaintiff-applicant.
Paul R. Mayer, Mayer, Smith & Roberts, Shreveport, for defendants-respondents.
MARCUS, Justice.
Paul M. Davison Petroleum Products brought suit to recover the sum of $129,868.54 together with interest thereon at the rate of seven percent per annum from November 18, 1971 until paid. The amount sought represented the balance allegedly *584 due on an open account for asphalt and other materials furnished in connection with the construction of a segment of Interstate 20. November 18, 1971 was the date on which plaintiff filed and recorded a sworn statement of the amount due it ($129,868.54) pursuant to La.R.S. 38:2242.[1] Named defendants were (1) L. T. Brown Contractor, Inc., general contractor with Louisiana Department of Highways; (2) A. D. McCullen and L. T. Brown, subcontractor to whom the materials were sold; and (3) Hartford Accident and Indemnity Company, surety of the general contractor.
The trial judge rendered judgment in favor of plaintiff and against defendants in the sum of $3,194.40 together with interest at the rate of seven percent per annum thereon from November 18, 1971 (date the sworn statement of the amount due was filed and recorded) until paid and all costs of the suit.
The court of appeal amended the judgment of the trial court to increase the award to $37,651.24 and to provide legal interest thereon from date of judicial demand, rather than from the date of the filing and recording of the aforesaid sworn statement.[2] On application of plaintiff, we granted a writ limited to the consideration of whether the court of appeal was correct in awarding legal interest from date of judicial demand rather than from the date of filing and recording of the sworn statement of the amount due.[3]
The facts relevant to the resolution of the issue before us are as follows. Plaintiff sold asphalt and other products to McCullen and Brown in connection with the Interstate 20 project from July 1970 to August 1971. A statement was mailed each month by plaintiff to McCullen and Brown showing the materials furnished during the month together with the charge for such materials. These monthly statements also indicated credits for payments made by McCullen and Brown.
The Louisiana Department of Highways recorded its acceptance of the Interstate 20 project on October 8, 1971. On November 18, 1971, plaintiff timely filed and recorded a sworn statement of the amount due it ($129,868.54) for materials sold in connection with Interstate 20 project pursuant to La.R.S. 38:2242. On September 26, 1972, plaintiff brought the instant suit seeking to recover this sum.
The party who violates an obligation of a contract is liable, as one of the incidents of his obligations, to the payment of damages, which the other party has sustained by his default. La.Civil Code art. 1930. The damages due for delay in the performance of an obligation to pay money are called interest. La.Civil Code art. 1935. Interest is of two kinds, conventional and *585 legal; the rate of both is fixed by law in the chapter on loans on interest and the Louisiana Consumer Credit Law. La.Civil Code art. 1936. The code chapter of loan on interest provides that legal interest is fixed at the rate of seven percent on all sums which are the object of a judicial demand. La.Civil Code art. 2924. La.Civil Code art. 1938 provides: "All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated."[4] As article 1938 has reference to interest that is not otherwise stipulated, this article provides that legal interest shall accrue from the time a debt becomes due. We must therefore determine when the debt sued upon by plaintiff became due in order to fix the date from which legal interest began to run on the sum awarded.
In the instant case, plaintiff seeks legal interest from November 18, 1971, the date on which it filed and recorded the sworn statement of the amount due it, until paid.[5] Clearly, when plaintiff filed and recorded the sworn statement of the amount due it for materials furnished in connection with the Interstate 20 project after the Louisiana Highway Department had recorded its acceptance of the work, the open account running between plaintiff and McCullen and Brown terminated and the balance due thereon became payable. Thereafter, plaintiff was compelled to institute this suit to enforce collection of the balance due on said account. The trial judge found that only $3,194.40 was due on the account; the court of appeal increased the amount to $37,651.24. Hence, pursuant to article 1938, the debt owed plaintiff by defendants ($37,651.24) bears interest at the rate of seven percent per annum from the date it became due (November 18, 1971) until paid. Therefore, the court of appeal erred in awarding legal interest from date of judicial demand rather than from the date when the debt became due. La.Civil Code art. 1938.

DECREE
For the reasons assigned, judgment of the court of appeal is amended to provide interest at the rate of seven percent per annum from November 18, 1971 until paid. As amended, judgment of the court of appeal is affirmed.
NOTES
[1] La.R.S. 38:2242 provides:

Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, but including any architect employed by the owner or his duly authorized agent or representative or engaged by the contractor or subcontractor and including any consulting engineer employed by the owner or his duly authorized agent or representative or engaged by the contractor or subconstractor [sic] in connection with the building of any public work, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payment made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claim. If an architect or engineer has not been employed by the contractor or subcontractor he shall have no claim to or privilege on the funds due the contractor or subcontractor, nor shall such architect or engineer be within the coverage of the payment and performance bond required of the contractor by R.S. 38:2241.
[2] 356 So.2d 572 (La.App. 2d Cir. 1978).
[3] 358 So.2d 954 (La.1978).
[4] Article 554 of the Louisiana Code of Practice of 1825 provided that interest should not run on accounts or unliquidated claims. This provision was repealed by La.Acts 1839, No. 53, § 1. See Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978).
[5] Any claim that debts owed plaintiff by defendants were due prior to the filing and recording of the sworn statement of the amount due it has been expressly waived by plaintiff.