LANDRY, Judge.
Defendants, Woodrow Wilson Construction Company (Contractor) and its surety Safeco Insurance Company of America *190 (Surety), appeal from judgment awarding plaintiff (Subcontractor) attorney’s fees, in Subcontractor’s suit to recover for materials and supplies furnished by Subcontractor to Contractor on a public works project, pursuant to LSA-R.S. 38:2246.
The sole issue presented is whether subject statute permits recovery of attorney’s fees on a sworn recorded claim of this nature when a contractor pays a portion of the claim after recordation of a sworn recorded claim, pays an additional portion of the claim after suit is filed against him, and the creditor obtains judgment for the balance, thus effecting a total recovery of the amount of the sworn recorded claim. The trial court held that Subcontractor was entitled to attorney’s fees under such circumstances and rendered judgment accordingly. We affirm.
There is no factual dispute. In 1974, Contractor entered into an agreement with the Iberville Parish School Board for the construction of improvements to Plaque-mine Senior High School. The contract and requisite bond executed by Surety were duly recorded as required by LSA-R.S. 38:2241, et seq. In accordance with a subcontract between Contractor and Subcontractor, the latter furnished materials and supplies for the job. Upon completion of its work, Subcontractor did not receive payment in full and filed a lien together with the required sworn claim in the aggregate of $30,583.00. Contractor then paid $7,000.00 on the account and declined to pay the balance, despite amicable demand. Subcontractor instituted this action to recover the balance of $23,583.00, together with 10% thereon as attorney’s fees pursuant to LSA-R.S. 38:2246, which provides:
“After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.”
After institution of suit, Contractor admitted owing, and paid Subcontractor, an additional $19,050.10. At trial, Subcontractor reduced its demand to the remaining $4,532.90, and obtained judgment against Contractor in that sum in addition to an award of $2,358.30 as attorney’s fees.
Appellants contend the applicable statute is penal in nature and must therefore be strictly construed. It is argued that a strict construction allows assessment of attorney’s fees only when the full amount of the sworn recorded statement is recovered by way of judgment. Alternatively, Appellants maintain that attorney’s fees should be limited to the amount recovered by judgment which, in this instance, would be 10% of $4,532.90 or $453.29.
The issue is one of statutory interpretation. Appellants correctly point out that a penal statute is subject to the rule of strict construction. Subdivision Planning Engineers, Inc. v. Manor Development Corp., 349 So.2d 247 (La.1977).
Criminal and penal statutes may not be extended by analogy but must, however, be given a construction commensurate with the plain meaning of their language in the light of their context and purpose. State v. Leak, 306 So.2d 737 (La.1975).
The obvious intent of subject statute is to encourage and promote amicable settlement of claims arising from public works contracts to the end that persons furnishing materials, supplies, and labor on such projects will be paid promptly, thus avoiding the inconvenience, delay and expense occasioned by litigation. The statute provides that “ . . . any claimant recovering the full amount of his recorded or sworn claim . . . shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.” The key provision is the phrase “claimant recovering the full amount of his recorded or sworn claim.” The statute does not specify that total recovery must be by judgment; neither does it expressly limit attorney’s fees to the sum actually awarded in judgment. It provides, in effect, that *191 where the total amount of the claim is recovered, an additional 10% thereof, as attorney’s fees, shall be awarded in the judgment. (Emphasis by the court).
Considered in the light of the context and purpose of the statute, we find legislative intent to allow attorney’s fees where the claimant recovers the full amount of his sworn or recorded claim, either by judgment for the full amount, or by voluntary payment of part thereof by the debtor coupled with recovery by judgment of the balance.
The statute contemplates recovery of attorney’s fees where the debtor withholds or denies payment without cause, thus requiring the creditor to incur attorney’s fees associated with the filing of his claim and prosecution of suit thereon to effect collection. We find no merit in Appellants’ contention that our holding will discourage amicable settlements of such claims. On the contrary, we believe it will encourage amicable settlements because the creditor is aware he must collect the entire amount of his sworn or recorded claim or suffer diminution of the amount actually recovered to the extent of the attorney’s fees he must pay. By the same token, the debtor who knowingly resists payment of an accurate sworn or recorded claim, is cognizant that his obligation will be enhanced 10% in the form of attorney’s fees to the creditor collecting the full amount of his sworn or recorded claim.
We are aware of Super Construction Co., Inc. v. New Orleans Levee Board, 286 So.2d 134 (La.App. 4th Cir. 1973); R. J. Ducote Contractor, Inc. v. L. H. Bossier, Inc., 192 So.2d 179 (La.App. 1st Cir. 1966); and Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir. 1965), all of which we deem factually inapposite.
The trial court should have awarded attorney’s fees on the full amount of the sworn recorded claim involved herein. We note, however, that Subcontractor neither appealed nor answered the appeal taken by defendants. Under the circumstances we are unable to increase the award in plaintiff’s favor. LSA—C.C.P. article 2133; Arrow Construction Co., Inc. v. American Emp. Ins. Co., 273 So.2d 582 (La.App. 1st Cir. 1973).
The judgment is affirmed at appellant’s cost.
Affirmed.