FRED W. JONES, Jr., Judge.
Defendant, W. Murray Smith d/b/a Ora Oil Company, appeals a judgment in favor of plaintiff, B.B. Winslett d/b/a Humphries Insurance Agency, for premiums due on insurance policies. The judgment of the trial court is amended and affirmed for the following reasons.
The evidence reveals that defendant, W. Murray Smith, and his business, Ora Oil Company, had obtained various insurance from plaintiff for approximately ten years. During this time, plaintiff simply automatically renewed the policies upon their expiration and sent the defendant the policy invoices reflecting the amount of premiums due. It appears that the defendant and plaintiff rarely had personal contact but rather conducted the bulk of their business through telephone calls and correspondence.
The insurance policies included workmen’s compensation, office contents, general liability and insurance on numerous vehicles. The vehicle fleet policy included farm vehicles, vehicles for the oil company, and personal vehicles. Plaintiff billed the defendant on a regular basis but payment on the account was somewhat irregular. Plaintiff testified that sometimes the defendant’s payment would be immediate and on other occasions would be late.
Defendant testified that in 1978 he became ill. He then proceeded to sell his farmland to his son, Michael Smith, and his oil business to his son, Terry Smith. It appears that the Ora Oil Company was sold to Terry Smith in January 1979 and then was incorporated later that month. The company was sold in October 1979 to a third party.
Although the policies were originally carried in the name of defendant and his business, plaintiff testified that she was instructed by Terry Smith to divide or pro rate the premiums reflected on the invoices between defendant, the oil company and Michael Smith. These premiums, however, were billed on one invoice.
There is conflict in the record as to when plaintiff was actually informed as to the sale of Ora Oil Company. Plaintiff Win-slett testified that she thought she was told of the sale in the middle of 1979, whereas defendant testified he had his secretary contact the agency when he sold the business to obtain the balance then due on his account. Defendant made several payments shortly thereafter which he believed to be the entire balance of his account.
Plaintiff continued to renew the various policies, subject to instructions by Terry Smith, and to forward the invoices. Plaintiff Winslett testified that no policies were ever returned to the agency by the defendant. Plaintiff was informed on or about May 1980, by the State Insurance Commission, that defendant had dual insurance coverage. Plaintiff states that this was the agency’s first notification that the defendant had placed his insurance with another agency. Plaintiff corresponded with defendant as to the amounts due for policy premiums for 1979-80, which defendant failed to remit.
Plaintiff then brought this action seeking $9,311.49 representing premiums due on an open account. After a trial on the merits, the court rendered judgment in favor of *1163 plaintiff in the amount of $3,944.75 together with legal interest thereon from May 27, 1979.
Defendant now appeals, asserting the following assignments of error:
(1)The trial court erred in finding that defendant, W. Murray Smith, owed plaintiff agency the sum of $3,944.75; and (2) the trial court erred in holding that an insurance agency issuing separate contracts of insurance could apply payments received on an open account basis rather than applying the payments on a “per policy” basis.
Plaintiff has not answered this appeal.
Reviewing the evidence, it is clear that the judgment of the trial court is not manifestly erroneous. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The invoices submitted at trial are for policies issued in the name of defendant and the oil business for 1979-80. The policies are for fleet vehicles, general liability, office contents, motor home and workmen’s compensation. The premiums reflected on the invoices were distributed among defendant, the business and Michael Smith pursuant to instructions. Although there is a conflict in the record, it is clear that the court found that defendant failed to promptly notify plaintiff as to the sale of the oil company and the appropriate course of action for plaintiff to take in insuring defendant.
Plaintiff made changes on the insurance policies when instructed and no policies were ever returned to plaintiff. Further, the court apparently found that defendant failed to notify plaintiff that he was placing insurance with another agency.
Defendant’s only defense appears to be that he had notified the agency of the sale of the company and subsequently the cancellation of this insurance and, therefore he did not believe he owed this debt. Defendant testified he paid a substantial amount on the account in 1979; however, plaintiff Winslett testified this payment was applied to premiums due for insurance from 1978-1979 and did not cover these premiums.
In computing the amount of premiums due, the court simply reviewed the invoices and assigned to defendant only the amounts which were distributed personally to him.
Defendant argues that the payments should have been applied on a “per policy” basis rather than applied on an open account. This court fails to see the relevancy of this argument in this particular case as plaintiff no longer claims statutory attorney fees. From the evidence, it appears that the parties had conducted business in a rather “loose fashion” for approximately ten years. Plaintiff would simply send defendant invoices reflecting premiums due and defendant would make somewhat irregular payments. The characterization of the relationship between these parties as an “open account” or otherwise would not appear to alter the outcome of this litigation.
The trial court awarded plaintiff legal interest on the entire amount from May 27, 1979, which was the date the premium on the vehicle fleet policy became due. The other policy premiums did not become due and payable until a later date. In other words, the trial court awarded legal interest on the entire amount of the indebtedness beginning May 27, 1979, even though a large portion of this indebtedness was not incurred until several months after that date. This is incorrect.
Civil Code Article 1938 states that legal interest is computed from the time that a debt becomes due.
As noted by the Supreme Court in Paul M. Davison, etc. v. L.T. Brown, etc., 364 So.2d 583 (La.1978), it is crucial to determine when a debt sued upon became due in order that a date may be fixed from which legal interest began to run on the sum awarded.
Examining the record in the instant case, the evidence is somewhat unclear as to when the debt became due. As noted earlier, there was no real understanding between the parties as to when the premiums became due and payable. Although plain *1164 tiff informed defendant of this indebtedness through various telephone calls and letters, it appears that no unequivocal demand for full payment was made until this litigation was instituted. Therefore, it is the opinion of this court that the only ascertainable date that the indebtedness became due was the date of judicial demand, December 17, 1981.
For these reasons, that portion of the judgment of the trial court awarding plaintiff, B.B. Winslett d/b/a Humphries Insurance Agency, $3,994.75 is affirmed; and the judgment is hereby amended to award legal interest from the date of judicial demand. All costs of this appeal are assessed to defendant, W. Murray Smith d/b/a Ora Oil Company.