LOBRANO, Judge.
T.N.T. Drywall Supplies, Inc. (Drywall) instituted these proceedings against Paddi-son Construction Co. (Paddison), Tulane Hotel Investors Limited Partnership, United States Fidelity and Guaranty Co. and E. Rodney Booth (Booth) pursuant to the pro *615 visions of the Louisiana Private Works Act.[1] From a default judgment rendered against Booth and Paddison, Paddison has perfected this appeal.
Paddison, as general contractor, entered into a building contract with Tulane Hotel Investors Limited Partnership (owner) for the renovation of the Bayou Plaza Hotel.[2] The contract was executed September 2, 1983, and duly recorded in the mortgage office of Orleans Parish. During the course of the renovation work, Drywall sold to E. Rodney Booth (subcontractor) materials consisting of sheetrock, nails, joint cement, corner beads, sheetrock tape and accoustic for use at the renovation site.
A certificate of substantial Completion was executed by the owner and Paddision on May 7, 1984, and duly recorded May 18, 1984. On June 1, 1984 Drywall executed and recorded a materialman’s lien affidavit in the amount of $3,801.91 in accordance with the Private Works Act. Additionally a copy of the lien, along with an itemized statement and invoice copies were mailed to all parties. The copy of the return receipt card filed in the record shows receipt by Paddison of the documents on June 11, 1984.
Drywall filed this suit on August 1, 1984 seeking enforcement of its lien, and judgment for the amounts due. On March 12, 1985, a preliminary default was entered against Paddison and Booth. On April 25, 1985 that default was confirmed and judgment was rendered in the full sum of $3,801.91, plus interest from April 2, 1984, plus 10% attorney fees under La.R.S. 9:3902, plus $89.00 for filing the lien.
Only Paddison has perfected this appeal. They assert that there was insufficient evidence to support the default judgment; that the trial court erred in awarding 10% attorney fees, that the award of $89.00 for filing the lien was incorrect, and that interest is improperly computed.
Code of Civil Procedure Article 1702 provides, in part, “[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” Thomas K. Pinner, owner and president of Drywall testified that he sold certain materials to T. Rodney Booth that were delivered to the Bayou Plaza Hotel. He further stated that the materials were applied to the immovable. He identified the following documents, all of which were introduced in evidence: (1) the building contract, (2) the certificate of substantial completion, (3) the return receipt card showing delivery of the lien to Paddison, (4) his affidavit of the amount due, and (5) copies of the invoices substantiating that statement.
Clearly, a materialman has a claim against a contractor for movables sold to a subcontractor that become “component parts of the immovable”. La.R.S. 9:4802. Furthermore, proof of delivery at the site of the immovable is prima facie proof that the materials became parts of the immov-ables. La.R.S. 9:4842.
We are of the opinion that, at the very least, Drywall established a prima fa-cie case supportive of a judgment for the amount of his invoices.[3] The lien affidavit was properly filed within the thirty day period, and copies were delivered to the owner, contractor, and surety. La.R.S. 9:4803. Proof was sufficiently established showing the sale and delivery of the materials. Paddison argues that the “credit” notation on invoice 001406 was not applied to the outstanding balance. The affidavit of Pinner states “[a]ll just credits have been allowed”. Absent evidence to the contrary, we must assume that the credit was allowed.
Drywall’s petition claims $39.00 as the cost of filing the lien affidavit, and $50.00 as the attorney’s fee for preparation of same. Although La.R.S. 9:4803(A)(1) allows recovery for fees paid for filing the *616 lien affidavit, there is absolutely no evidence in the record to substantiate the award of $89.00 for those costs. We therefore reverse that portion of the judgment.
We also agree with Paddison that the award of 10% attorney fees under La. R.S. 9:3902 was improper. That statute clearly is intended to apply to a surety who fails to pay on his bond obligation. Although Drywall argues that H.G. Angle Co. Inc. v. Talmadge, 410 So.2d 1151 (La. App. 3rd Cir.1981) supports a holding that a contractor should also be liable for the 10% attorney fees, we do not interpret that decision as supporting that argument. It is well established that attorney fees shall not be awarded absent express statutory authority recognizing same. We are not aware of any such authority that applies to this case. We therefore reverse the award of 10% attorney fees.
We also agree with Paddison that interest was incorrectly awarded from April 2, 1984 until paid. The claim against a contractor granted by La.R.S. 9:4802 secures payment of the principal obligation, interest and the cost of filing the lien affidavit. La.R.S. 9:4803(A)(1). In Paul M. Davison v. L.T. Brown Contractor, Inc., 364 So.2d 583 (La.1978), a case involving a materialman’s claim under the Public Works Act, our Supreme Court held that interest accrued from the date the sworn statement of amount due was filed and recorded. They concluded that once the plaintiff had filed his sworn statement subsequent to the Highway Department’s acceptance of the work, the open running account with the contractor ceased and the amount became due. In the instant case, Drywall filed its statement on June 1,1984, and we therefore hold that interest begins to accrue from that date.
Accordingly that portion of the judgment awarding ten (10%) attorney fees, and $89.00 in filing costs is reversed. The interest award is amended so that interest commences on June 1, 1984. In all other respects, the judgment is affirmed.
AFFIRMED IN PART, AMENDED IN PART, AND REVERSED IN PART.

. La.R.S. 9:4801, et seq.

. Formerly, the Fountain Bay Club and Founta-inbleau Hotel.

.The sum total of the invoices in the record is $3,831.81, where the judgment is actually $29.70 less. Drywall did not appeal, thus his judgment will not be increased.