583 So.2d 848 (1991)
FIBREBOND CORPORATION and K-Dak, Inc.
v.
AETNA CASUALTY & SURETY COMPANY, et al.
UTLEY-JAMES OF LOUISIANA, INC.
v.
STATE of Louisiana, DIVISION OF ADMINISTRATION, DEPARTMENT OF FACILITY PLANNING AND CONTROL and Bernard Johnson, Incorporated.
Nos. 90 CA 0484, 90 CA 0485.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
*850 Harry Philips, Jr., Baton Rouge, and Paul Kitchens, Minden, for plaintiffs-appellees Fibrebond Corp. and K-Dak, Inc.
David Nelson, Baton Rouge, for defendant-appellee Allied Tower Co.
James E. Moore, Baton Rouge.
Paul Spaht, Baton Rouge, for defendant-appellee Bernard Johnson, Inc.
Michael Wanek, New Orleans, for defendant-appellee Woodward Clyde Consultants.
Murphy Foster and Richard Mary, Baton Rouge, for plaintiffs-appellees Utley James of Louisiana and Aetna Cas. and Sur. Co.
Louis M. Jones, New Orleans, for defendant-appellant State of La., et al.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
This appeal is part of the legal aftermath of a state construction project, the Louisiana State Police Communications Network.
On March 9, 1984, the State of Louisiana, through the Division of Administration, Department of Facility Planning and Control (State) executed a construction contract with Utley James of Louisiana, Inc. (Utley), the low bidder at $4,404,000.00 for construction of state-wide communication facilities. The contract called for completion in 480 days; it also provided for liquidated delay damages of $800.00 per day. The state's architects issued a certificate of substantial completion effective October 1, 1986, with an assessment of liquidated damages for 223 days at $800.00 per day for a total of $178,400.00. The State withheld this amount along with the customary end-of-construction withholdings provided for in the contract.
Litigation began when Fibrebond Corporation and K-Dak, Inc., subcontractors of Utley, initiated a concursus proceeding against Utley and its insurer, Aetna Casualty & Surety Company (Aetna). The subcontractors also named as defendants Allied Tower Company and the State. The district court ordered the State to deposit into the concursus proceeding funds due Utley under the construction contract. The State refused, and the matter reached the Louisiana Supreme Court. The State's position was upheld, with the court observing that no statute requires the State to deposit funds which may be due under a construction contract. Fibrebond Corp. v. Aetna Casualty & Surety Co., 514 So.2d 118 (La.1987). Thus, no deposit was made by the State into the registry of the court.
The concursus suit was settled on January 25, 1989, the liens were cancelled, and the final contract payments in the amount of $306,563.46 that were due Utley under the construction contract were released by the State; but the State continued to withhold the liquidated damages of $178,400.00.
In the second suit Utley sued the State and its architects, Bernard Johnson, Inc. (BJI) for recovery of assessed liquidated damages, for delay damages, and for payment of change order request No. 17, all of which amounted to $963,963.46. BJI answered and named the State and all subcontractors as third party defendants. Riverbarge Construction Company (Riverbarge), the foundation subcontractor of Utley, intervened as a party plaintiff with Utley against the State. Ultimately Utley dismissed its claim against BJI, and BJI dismissed its third party claims. Riverbarge withdrew its intervention. Utley assigned its rights in the damage suit against the State to Aetna. The district court consolidated the two cases, but by the time of *851 trial the only parties were the Utley-Aetna combination and the State.
Subsequent to the settlement of the concursus suit but prior to trial of the consolidated cases, Utley filed an amended petition adding Aetna as a party-plaintiff and reducing its claim to $802,337.00. The petition added three items not mentioned in the concursus suit or in the damage action prior to the State's answer. They were: $54,543.00 for the construction of three additional buildings; $23,715.00 owed by the State for utility payments made by Utley; and $66,156.00 of interest on funds held by the State as a stakeholder in the concursus proceeding. After trial, the case was left open pending filing of memoranda. On April 10, 1989, the deadline day, counsel for the State filed along with his trial memorandum exceptions of no cause and/or no right of action to the three claims of Utley mentioned above. On August 18, 1989, the trial court dismissed the State's exceptions without consideration.
In a minute entry dated August 18, 1989, the trial court rendered its decision regarding the various items of damage claimed by Utley-Aetna. The court found that the following elements and amounts were proved by plaintiff by a preponderance of the evidence: $178,400.00 for liquidated damages wrongly withheld; $43,897.51 for damages for delay representing 197 days at $222.83 per day; $60,832.25 representing interest due on concursus funds; $54,543.00 representing cost of additional buildings; $23,715.00 for utilities. These items totaled $361,387.76. On August 28, 1989, an amended minute entry was made reducing the amount for utilities to $20,869.22; the new total was $358,541.98. The trial court rendered judgment for that amount, with judicial interest due on all items except the $60,832.25 interest award.
On appeal the State urges five errors, as follows:
1. dismissal of the State's exceptions of no cause and/or no right of action without a hearing;
2. misapplication of the terms of the construction contract and the law to the claims of Utley-Aetna for additional work, utility bills and interest on concursus funds;
3. failure to accept the architect's determination of the number of delay days to which Utley was entitled;
4. awarding an incorrect daily monetary amount as a penalty to the delay days in contravention of the contract provisions; and
5. refusal of liquidated damages contrary to the construction contract and the law.
Errors one and two address the exceptions of no right and/or no cause of action. We need not discuss error number one as it deals merely with a procedural aspect of the exception made immaterial by our authority as an appellate court to consider the merits of either exception on appeal. See LSA-C.C.P. art. 927.
The crux of the State's argument is that the three items claimed in the amended petition by Utley-Aetna are barred by the fact that the State settled the concursus proceeding and paid out all the monies due on the contract. The exception of no right of action questions whether the plaintiff has any interest in enforcing judicially the right asserted. See Lambert v. Donald G. Lambert Const. Co., 370 So.2d 1254 (La.1979). The exception of no cause of action merely questions the allegations of the plaintiff's petition in light of whether any remedy is afforded to plaintiffs. See Batson v. Cherokee Beach & Campgrounds, Inc., 428 So.2d 991 (La.App. 1st Cir.), writs denied, 434 So.2d 1092 (La. 1983). There is no merit to the State's argument that Utley-Aetna lack a right and/or cause of action on the ground that the State previously paid all the contract monies. Payment is a matter of defense which cannot be asserted in the exception which the State filed. Haskins v. Clary, 346 So.2d 193 (La.1977).
However, the State is correct in asserting that Utley-Aetna are not entitled to interest on the amounts paid pursuant to the concursus proceeding. On January 5, 1989, upon an oral motion by Utley-Aetna, which was joined in by the subcontractors and which was unopposed by the State, the *852 trial court ordered the State to release $306,563.46 to Utley-Aetna. Thereafter, on January 26, 1989, all of the parties to the concursus proceeding entered into a stipulated judgment which awarded to the subcontractors judgments against Utley-Aetna for more than twice the amount which had been awarded to Utley in the January 5 judgment. In the later judgment Utley reserved its rights against the State.
When an obligor delays in the performance of an obligation to pay money, the damages he becomes liable for are called "interest," and legal interest accrues from the time a debt becomes due. Paul M. Davison Petroleum Products v. L.T. Brown Contractor, Inc., 364 So.2d 583 (La. 1978). But we need not concern ourselves with when the debt of the State to Utley became due. This date is irrelevant. The State could not release contract monies to Utley-Aetna so long as there were liens against the State filed by the subcontractors. If there had been no concursus proceeding, then the State would not have been required to pay interest on the withheld contract payments. Once Utley settled with its lien-holding subcontractors, the State released the funds. Therefore, it was error for the trial court to award to Utley-Aetna interest on the monies paid pursuant to the concursus proceeding. We reverse that portion of the trial court judgment.
We find no error in the trial court's award for the three "additional" buildings and for the utilities paid by Utley. At trial Mr. Steve Schoonover of Fibrebond testified that the three buildings at the Fibrebond plant were constructed according to plans and specifications of the State. Upon inspection by the State and its architects, the State decided there was a need for an additional foot of ceiling height in the buildings. Thus, the State caused the construction of three replacement buildings by Fibrebond. It is immaterial that Fibrebond incurred the costs and that Utley then paid Fibrebond; the State has never paid for the buildings. The trial court's judgment in Utley's favor finding the State liable for the cost of the three buildings is supported by the record.
Likewise, the State is liable for the utilities paid for by Utley. According to the terms of the contract, the contractor was to provide temporary obstruction lighting during the construction of the communications towers. But the State, as owner, was obligated to provide normal operating power once the radio towers were built. The trial court was correct in awarding Utley reimbursement for the monies it spent to continue to purchase electricity for the towers after they were built rather than allow any tower to be unlit when the State refused to purchase electricity.
As error number three the State complains that the trial court did not accept the architect's determination of the actual number of delay days Utley was entitled to claim by change orders. Suffice it to say that the record is replete with evidence that numerous delays were caused, not by Utley, but by the State and specifically by the State through its agent, BJI, the architect. We accord great weight to the trial court's assessment of the credibility and accuracy of the witnesses and other evidence. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no error in the trial court's determination of the fact that Utley was damaged by 197 days of delay caused by the State.
Next, we reach the issue of the amount per day that Utley is entitled to for delay damages. The trial court awarded $222.83 per day presumably on the testimony of a construction analyst, Peter Evans, who was a witness for the plaintiffs. The State complains on appeal that Mr. Evans included in his calculations amounts which are prohibited by the construction contract.[1] There is no merit to this part of the *853 State's argument. Mr. Evans testified that the average daily rate for general conditions was $223.83 and the average daily general and administrative expense costs was $230.50, for a combined daily rate of $453.33. Obviously the trial court excluded the G & A costs from the award to Utley. In making the award for daily general conditions the trial court awarded $1.00 less than the expert's testimony indicated would have been proper. However, since Utley-Aetna have neither appealed nor answered the appeal, we cannot change this amount. From the State's standpoint, we find no cause to reduce the award, as the award does not include prohibited items.
Finally, we consider the State's claim to liquidated damages as per the construction contract.[2] The architects originally assessed a 223-day overrun against Utley, and the State withheld $178,400.00. In his brief on appeal, counsel for the State concedes that there was an administrative error and that the State now claims only 212 days of stipulated damages. Since the State withheld the greater amount, Utley is clearly entitled to recover $8,800.00.
Nevertheless, there remains a discrepancy between the number of days of delay claimed by the State and the number of delay days awarded to Utley by the trial court.
In its minute entry of August 18, 1989, the trial court specified:
After reviewing the evidence and memoranda, the Court finds that the following elements and amounts of damage have been proven by plaintiff by a preponderance of the evidence:
1. Liquidated damages wrongly withheld$178,400.00
2. Damages for delay197 days @ $222.83 per day43,897.51....
We find that items one and two are mutually exclusive in part. In concluding that Utley had proved that the State and/or its architects were responsible for 197 days of the delayed performance, the trial court necessarily rejected Utley's claim for any days in excess of 197. Consequently, the trial court found for a fact that Utley did not prove that the State or its agent caused the 15 days of delay which form the difference between the days awarded to Utley and the days now claimed by the State. We cannot reconcile this factual finding with the trial court's award of the entire amount withheld by the State for liquidated damages.
Although the State is not entitled to any monies for stipulated damages for the 197 days that the State caused delays in the performance of the contract (see City of Houma v. C-Well, Ltd., 515 So.2d 646 (La. App. 1st Cir.1988)), we conclude that the State is entitled to 15 days of damages stipulated to be $800.00 per day. Accordingly, we amend the trial court judgment to award to Utley $166,400.00 ($178,400.00 less $12,000.00 for 15 days @ $800.00 per day) for liquidated damages wrongly withheld.
We are cognizant of the appellee's argument that the State is not entitled to *854 any liquidated damages because the State neglected to put Utley in default. However, the case of Grover v. Carter, 498 So.2d 132, 134 (La.App. 5th Cir.1986), writ denied, 500 So.2d 422 (La.1987), is on point and is to the contrary of appellee's argument: "A putting in default is not necessary... for breaches of contracts stipulating that they must be executed within a specific time, where time is of the essence, or where a specified time for performing the obligation expires without performance. Sollay v. Sollay Foundation & Drilling, Inc., 389 So.2d 834 (La.App. 3 Cir.1980)."
Accordingly we reverse the trial court's award of $60,832.25 for interest on the concursus funds, and we amend the judgment to delete $12,000.00 from the amount awarded for liquidated damages wrongly withheld. In all other respects we affirm the trial court judgment. Costs of the appeal, $588.99, are assessed equally between the State and Utley-Aetna.
REVERSED IN PART, AMENDED IN PART AND AS AMENDED,
AFFIRMED.
EDWARDS, J., concurs.
NOTES
[1] Art. 12.1.3.5 of the construction contract reads as follows:

12.1.3.5: Cost of the work whether General Contract Cost or Subcontract cost shall not apply to the following:
1. Salaries or other compensation of the Contractor's personnel at the Contractor's principal office and branch offices.
2. Expenses of the Contractor's principal office, branch office and field office.
3. Any part of the Contractor's capital expenses, including interest on the Contractor's capital employed for the work.
4. Overhead and general expenses of any kind or the cost of any item not specifically and expressly included above in Cost of Work.
5. Costs due to the negligence of the Contractor, any Subcontractor, anyone directly employed by any of them or for whose acts any of them may be liable, including but not limited to the correction of defective or nonconforming work, disposal of materials and equipment wrongly supplied, or making good any damage to property.
[2] Article 8.2.1. of the supplementary conditions of contract for construction reads in part:

Time is of the essence and completion of the work must be within the time stated in the contract, subject to such extensions as may be granted under Section 8.3. The contractor agrees to commence work not later than fourteen days after the transmittal date of Written Notice to Proceed from the Owner and to substantially complete the project within the time stated in the Contract. The Owner will suffer financial loss if the Project is not substantially complete in the time set forth in the Contract Documents. The Contractor and his surety shall be liable for and shall pay to the Owner the sum stated in the Contract Documents as fixed, agreed and liquidated damages for each consecutive calendar day (Saturdays, Sundays, and holidays included) of delay until the work is substantially complete.