633 So.2d 838 (1994)
METRO BUILDERS HARDWARE, INC.
v.
BURKO CONSTRUCTION, INC., et al.
No. 93-CA-1970.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1994.
*839 Charles W. Nelson, Jr., New Orleans, for plaintiff-appellant.
H. Bruce Shreves, Jay H. Kern, Avis Marie Russell, Simon, Peragine, Smith & Redfearn, New Orleans, for defendants-appellees.
Before BARRY, CIACCIO and LANDRIEU, JJ.
BARRY, Judge.
The sole issue is whether LSA-R.S. 22:1220, which provides a penalty against insurers for failure to timely pay a claim, is applicable on a surety bond which was issued under the Louisiana Public Works Act. We conclude that the Louisiana Public Works Act is exclusive and affirm the denial of a penalty.

FACTS
Burko Construction, Inc. contracted with the Housing Authority of New Orleans (HANO) for a construction project. Metro Builders Hardware, Inc., (plaintiff) supplied materials to Burko, and Amwest Surety Insurance Company furnished a performance and payment bond. Burko failed to make payment for materials in the amount of $8,848.44. Plaintiff filed a materialman's lien and sued Amwest, seeking the principal amount of the claim, attorney fees under LSA-R.S. 38:2246 and penalties under LSA-R.S. 22:1220.
Plaintiff filed for a summary judgment which was granted on the principal amount, but denied (after supplemental briefing) as to attorney fees and penalties. In an effort to obtain a final, appealable judgment, Amwest then moved for a summary judgment to deny attorney fees and penalties. The trial court awarded plaintiff $885.00 in attorney fees but denied penalties, holding that R.S. 22:1220 inapplicable.

ANALYSIS
Plaintiff contends LSA-R.S. 22:1220[1] of the insurance code should be applied because the surety bond is an insurance contract and failure to pay under that contract results in penalties under Section 1220.
The Public Works Act, LSA-R.S. 38:2241 et seq., is sui generis and provides exclusive remedies to parties in public construction work. Martinolich v. Albert, 143 So.2d 745, 755 (La.App. 1st Cir.1962).[2] The Act is to be strictly construed and the liability of the surety should not be expanded beyond the statute. Coating Specialists, Inc. v. Pat Caffey Contractor, Inc., 194 So.2d 380, 384 (La.App. 4th Cir.1967), writ refused, 250 La. 633, 197 So.2d 652 (1967).
The Public Works Act provides that a public entity which contracts in excess of $5,000 for the construction, alteration or repair of any public works must require of the contractor a surety bond for payment by the contractor or subcontractor to any claimant as defined therein. LSA-R.S. 38:2241(A). That bond is a statutory bond. Id. LSA-R.S. 38:2241(C) further provides in pertinent part:
... Language in any such bond containing any obligations beyond the requirements *840 set forth in this Part shall be deemed surplusage and read out of such bond. Sureties and contractors executing payment bonds for public works contracts under this Part shall be immune from liability for or payment of any claims not required by this Part. [Emphasis added.]
Attorney fees are recoverable under the statute where payment is not made within thirty days after amicable demand on the principal or surety and the claimant recovers the full amount of the claim. LSA-R.S. 38:2246.[3] Section 2246 is penal in nature, its intent "... to encourage and promote amicable settlement of claims arising from Public Works contracts to the end that persons furnishing materials, supplies, and labor on such projects will be paid promptly, thus avoiding the inconvenience, delay and expense occasioned by litigation." Interstate School Supply Company, Inc. v. Wilson, 368 So.2d 189, 190 (La.App. 1st Cir.1979). Significantly, the Public Works Act does not contain a provision for a penalty.
Louisiana courts have refused to allow recovery on a statutory bond beyond the provisions in the statute. Pittman Construction Co. v. Housing Authority of New Orleans, 169 So.2d 122, 138 (La.App. 4th Cir.1964), writs refused 247 La. 343, 344, 346, 347, 348, 170 So.2d 865 and 866 (La.1965) [Court disallowed HANO's reconventional demand for attorney fees for the alleged failure of defendant in reconvention to comply with its obligations, first finding that defendant in reconvention did not breach its obligations under the bond, then stating that "inasmuch as the bond is a statutory bond, anything contained therein which is not in the statute, must be read out of the bond. The only provision in the Public Works Act ... for attorney's fees is that allowing attorney's fees to lien claimants under certain conditions."]; Terrebonne Lumber & Supply Co. v. Favret, 2 So.2d 256, 258 (La.App. 1st Cir.1941) [Court found that plaintiff, seller of materials used in a public contract under Act 224 of 1918 (the source of what is now the Public Works Act) did not have a "lienable claim" against the surety under the surety bond, stating that "... liability under the bond is limited to the statutory requirement and liability, and other provisions in the bond tending to enlarge and extend liability under the bond is disregarded and only the statutory liability is considered."].
The two cases which plaintiff cites for the proposition that the surety bond is an insurance contract and therefore the surety is subject to the penalty provisions of the insurance code are factually distinguishable. In F. Miller & Sons, Inc. v. Travelers Indemnity Co., 161 So.2d 349 (La.App. 3rd Cir.1964), writ den. 246 La. 83, 163 So.2d 359 (1964), the court held that a surety bond was an insurance policy for purposes of determining venue, but did not address the scope of allowable claims against a surety under the Public Works Act. Austin v. Parker, 672 F.2d 508 (5th Cir.1982), held that LSA-R.S. 22:658 (imposing penalties and attorney fees upon an insurer for arbitrary failure to pay a demonstrated loss) applied to the surety bond therein. However, the principal contract was with the Corps of Engineers and was not covered by the Public Works Act.
Because the public contract and bond in this case are governed by the Public Works Act, Amwest is not liable for any claim not provided for in the statute. See Martinolich v. Albert, supra; Coating Specialists, Inc. v. Pat Caffey Contractor, Inc., supra. Accordingly, we hold that LSA-R.S. 22:1220 is inapplicable to plaintiff's claim for penalties.
AFFIRMED.
NOTES
[1] Section 1220 provides in pertinent part:

A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A: ...
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.....
[2] In Martinolich v. Albert, supra, the First Circuit refused to allow the claimant (a furnisher of certain manned equipment rentals in a public contract) to recover from the owner under a quantum meruit theory of recovery.
[3] LSA-R.S. 38:2246(A) provides:

A. After amicable demand for payment has been made on the principal and surety and thirty days have elapsed without payment being made, any claimant recovering the full amount of his timely and properly recorded or sworn claim, whether by concursus proceeding or separate suit, shall be allowed ten percent attorney's fees which shall be taxed in the judgment on the amount recovered.