FREDERICKA HOMBERG WICKER, Judge.
I ¿Phis appeal arises out of the granting of a Motion for Summary Judgment in favor of the Jefferson Parish Department of Water and Public Works and against appellant, C.R. Pittman Construction Company. For the foregoing reasons, we affirm the decision of the trial court.
FACTS
Appellant was the low bidder on a Jefferson Parish Bid Proposal for the expansion of the West Bank Water Treatment Plant. The bid on the project was $20,029,000.00. Jefferson Parish accepted the bid pursuant to Resolution No. 93724 by the Parish Council. The parties entered into a work agreement on June 25, 2001 and that agreement was recorded in the Jefferson Parish mortgage and conveyance office. Pursuant to the work agreement appellant, and subcontractors hired by appellant, performed updates and repairs to the West Bank Water Treatment plant.
| aOnce the work was complete, appellant filed its acceptance of completion for review by the Parish. The Parish’s engineering representative, Camp, Dresser & McKee reviewed the project and related to the Parish that the project was complete. In return, pursuant to resolution no. 102609, the Parish Council granted an “acceptance of completed contract” to appellant. The “acceptance of completion” provided that after the expiration of 45 days, appellant would provide a clear lien and privilege certificate from the Jefferson Parish Clerk of Court to the Jefferson Parish Council, and the Parish would prepare the necessary documents to authorize payments and/or release the retainage bond.
On March 14, 2005 appellant obtained what it believed was a clear lien and privilege certificate pertaining to the project, from the Jefferson Parish Clerk of Court. The lien certificate showed no liens against the West Bank Water Treatment Plant project. Accordingly, appellant submitted a certificate of payment and statement of account to Jefferson Parish on January 26, 2006 in the amount of $1,096,987.36.
Unbeknown to appellant, QDS Systems, Inc., a subcontractor, had filed a lien against the project. This lien did not appear on the certificate obtained by appellant on March 14, 2005. However, QDS served the parish with notice of their lien and claim. Both QDS and Fisk Electric were listed as lienholders on the lien affidavit.
Four months after submitting its statement of account to Jefferson Parish and not receiving payment, appellant instituted a proceeding against the Parish alleging breach and demanding attorney’s fees, interest, and costs. The Parish answered *152 and invoked a concursus proceeding on July 11, 2006, whereby it deposited the disputed retainage in the amount of $1,096,987.36 into the registry of the court. Thereafter, the parties entered a consent agreement pursuant to which $425,000.00 |4was disbursed to the lienholders with appellant receiving the remaining $671,987.50 of the funds held in the court’s registry. This agreement also resolved all issues between the appellant, Fisk Electric, and QDS Systems, Inc., and resulted in the dismissal of the underlying concursus proceeding. Appellant reserved its rights against the Parish on the remaining demands in its original petition. Jefferson Parish then sought summary judgment on those demands, namely, costs, interest and attorney’s fees. On August 17, 2007, the trial court granted the Parish’s motion for summary judgment at plaintiffs costs. It is from the granting of that summary judgment that Pittman appeals.
LAW AND ANALYSIS
Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Irula v. Jean, Ob-927 (La.App. 5 Cir. 4/24/07), 958 So.2d 66, 67. An appellate court will ask the same questions as the trial court in determining whether summary judgment is appropriate. Id. The court must ask whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law. Id., citing, Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272. The appellate court must determine whether summary judgment is appropriate under the circumstances of the case. There must be a “genuine” or “triable” issue on which reasonable persons could disagree. Under the amended version of La.C.C.P. art. 966, the burden of proof remains on the mover to show “that there is no genuine issue as to material fact and- that the mover is entitled to judgment as a matter of law.” A material fact is one that would matter on the trial of the merits. Id., citing, J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
| ¡¡In the present case, Appellant assigns the following errors for our review:
(1) Did the Parish properly invoke a concursus proceeding? Thus should the Public Bid Law be given a Sui Generis or Stricti Juris effect?
(2) Should the Parish be held liable for interest, attorney’s fees, and loss profit for invoking the concursus instead of paying the retainage upon production of a clear lien and privilege certificate?
We will address appellant’s assignments of error accordingly.
CONCURSUS PROCEEDING
La.C.C.P. art. 4658 states that with leave of court, the plaintiff may deposit into the registry of the court money which is claimed by the defendants, and which plaintiff admits is due one or more of the defendants. After the deposit of the money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited. Id. Concursus proceedings are to be treated the same as ordinary proceedings, except as otherwise provided. La.C.C.P. art. 2087. Thus, a devolutive appeal from a concursus proceeding must be taken within 60 days of the date a judgment is final in the trial court. La.C.C.P. art. 2087.
The motion for summary judgment addressed solely those issues that had not been resolved pursuant to the Joint Motion to Withdraw and Disburse funds signed by the parties on June 17, 2007. Yet, on appeal, appellant complains that the trial court never should have allowed the Parish *153 to invoke a concursus proceeding in the first place. The trial judge signed the order permitting institution of the concur-sus proceeding on June 21, 2006. After the delay for a motion for new trial had run, the clock began to tick. Appellant had 60 days from June 28, 2006 within which to appeal the Parish’s institution of a concursus. Appellant did not file a notice of appeal in the trial court until August 28, 2007, more than one year after the delay [ Bhad run. Thus any argument as to the propriety of the concursus proceeding is moot because it is untimely.
However, in order to conduct our de novo review of the merits of the Parish’s motion for summary judgment, it is necessary for us to analyze whether the concursus proceeding was the correct vehicle by which to resolve the underlying dispute. Appellant complains that the Parish should not have instituted a concur-sus proceeding in light of the fact that the lien and privilege certificate it obtained from the Clerk’s office was clear. La.R.S. 38:2243 specifically provides:
A. If at the expiration of the forty-five days any filed and recorded claims are unpaid, the public entity shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims.
B. All the claims shall be tried in con-cursus and the claims of the Claimants shall be paid in preference to the claims of the public entity.
While it is true that the Jefferson Parish Clerk of Court incorrectly provided a clear lien and privilege certificate, the Parish was nevertheless aware that a lien existed against the project as it had been served with notice of the lien by the lienholder. Pursuant to La.R.S. 38:2243, the Parish was obligated to invoke a concursus given the outstanding lien. Had the Parish authorized the release of the retainage to the appellant without deducting the total amount of the outstanding claim, the Parish would have been held liable for the entire amount of the lienholder’s claim. La.R.S. 38:2242(D). We agree with the appellant’s assertion that the Public Works Act is sui generis and should be given a stricti juris effect. Metro Builders Hardware, Inc. v. Burko Const. Inc., 1993-1970 (La.App. 4 Cir. 2/25/94), 633 So.2d 838, Writ denied, 1994-0727 (La.5/6/94), 637 So.2d 1049. That is exactly what the trial judge did. The lower court did not deviate from the legislative intent of the Public Works Act. To the contrary, by permitting the concursus to proceed, |7the trial court upheld the strict intent of the Public Works Act and protected an otherwise unprotected contractor as well as the Parish of Jefferson from liability for another’s non-payment.
INTEREST, ATTORNEY’S FEES, COSTS
Next, appellant asserts that it suffered damages in the form of attorneys’ fees, interest, and costs. In its argument, appellant misinterprets the decision in Fibrebond Corporation v. Aetna Casualty & Surety Company, 583 So.2d 848 (La.App. 1st Cir.1991) to say that no statute requires the State to deposit funds which may be due under a construction contract. Instead, the Fibrebond decision stands for the proposition that where a public entity properly instituted a concursus, the claimant was not entitled to interest on the amount paid. Id. at 852. The court specifically held that “the State could not release contract monies to [appellant] so long as there were liens against the State filed by the subcontractors.” Id. Furthermore, La.C.C.P. art. 4658 states that “after *154 the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited.” Thus, once the Parish deposited the disputed retainage into the court’s registry, it was absolved of any further liability, including appellant’s demand for interest. Furthermore, the Joint Motion to Withdraw and Disburse funds signed on June 13, 2007 authorized payment of “interest accrued and earned on the total funds” be made to Pittman in addition to the remaining balance after the subcontractor received payment. Therefore, we find no legal basis for appellant’s argument that it is entitled to interest on the amount paid.
COSTS
 Appellant complains that the trial court erred when it granted the Parish’s summary judgment with respect to the demand for costs. It is unclear to this Court what costs appellant seeks. The only judicial costs incurred so far appear to be Isthose associated with the underlying concursus proceeding. The Joint Motion to Withdraw and Disburse refers to costs associated with the concursus. However, paragraph VII of the agreement specifically states “each party to bear its own costs.” Thus, no claim for costs exists pursuant to the concursus, except for those relative to the rights retained by the appellant against the Parish.
As to the costs relative to any remaining claims, we affirm the decision of the trial court with respect to its ruling on the Parish’s motion for summary judgment. As the losing party, appellant is liable for its own costs. La.C.C.P. art. 1920. Thus, no authority exists for us to hold the Parish liable for any costs associated with that proceeding.
ATTORNEY’S FEES
Appellant’s final demand is for attorney’s fees. Appellant argues that it incurred legal fees as a result of the Parish’s improper refusal to pay the retainage. Though not argued in its brief, we presume the appellant’s position relies on La. R.S. 38:2191 which states:
All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract.
Any public entity failing to make any final payments after formal acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney’s fees.
Appellant is entitled to attorney’s fees for the Parish’s actions only if it had a clear lien certificate. As discussed above, there was a lien against the property by one of the subcontractors. Absent this lien, the Parish’s failure to pay after the passage of the 45 day period would have constituted a violation of the Public Works Act, thus entitling appellant to attorney’s fees. Conversely, had the Parish ignored the existence of the lien and paid the appellant the retainage, the Parish would have exposed itself to a far greater liability: payment of the entire amount of the 18subcontractor’s lien. Under the circumstances before us, an award to appellant of attorney’s fees in the face of the Parish’s lien certificate, which was not clear, would have been in error. The district court was correct in denying this demand.
CONCLUSION
For the reasons stated above, we find that the trial court properly maintained the concursus proceeding to resolve the dispute of the unpaid subcontractor on the West Bank Water Treatment Plant project. We also find that the trial court properly granted the Parish summary *155 judgment on the remaining issues of interest, costs, and attorney’s fees.

AFFIRMED.